## J. C. PRITCHARD v. J. M. BAILEY.

*Deed—Restraints upon Alienation—Deed of Trust—Intent of Grantor.*

1. A provision in a deed that the grantor shall not sell the property during her life is repugnant to the grant and in contravention of the principle of public policy which forbids unreasonable restrictions upon the right of alienation.

2. Every part of an instrument must be considered in arriving at the intention, and where the language is susceptible of two constructions, the one less favorable to the grantor must be adopted; therefore,

3. Where a deed of trust was executed by a *feme covert* with the joinder of her husband conveying her land to secure the joint indebtedness of herself and husband, and empowering the trustee to sell the land in case of default in the payment of the debt, and the draftsman of the deed neglected to strike out of the printed form words to the effect that she joined in the deed for the purpose of releasing her dower and homestead: *Held*, that the true intent and meaning of the deed was that the *feme covert* conveyed the property in fee to the trustee.

This was an action on the part of the plaintiff for the recovery of the sum of $195, for purchase-money due and owing from the sale of a certain tract of land sold by the plaintiff, as trustee, to satisfy a certain note held by Mack

Stadler & Co., of Cincinnati, Ohio, against S. D. Chambers and wife S. M. Chambers, heard before *Graves, J.,* at _____ Term of Buncombe Superior Court.

The following facts were submitted for the judgment of the Court by agreement of plaintiff and defendant:

"On the 26th day of February, 1890, S. D. Chambers and wife S. M. Chambers executed their joint note to Mack Stadler & Co., in the sum of $301.57, with interest at __ per cent. per annum, till paid, payable on or before the 1st day of January, 1892. To secure the payment of the same they executed and delivered to the plaintiff J. C. Pritchard a deed of trust on a certain tract of land, empowering the said trustee, in case they should fail to fully pay and discharge said note, to advertise the lands therein conveyed, and sell the same to the highest bidder for cash, and apply the proceeds to the payment of said note, and pay any surplus to them; and upon such sale convey title to the purchaser. That after said note became due and payable, the said S. D. Chambers and S. M. Chambers failed, neglected and refused to pay said note or any part thereof. Thereupon, to-wit, on the 6th day of March, 1893, the said J. C. Pritchard, trustee as aforesaid, after advertising the sale of said land, in accordance with the requirements and provision of said deed of trust, at the courthouse door, in the town of Marshall, offered said premises for sale at public auction to the highest bidder for cash, for the purpose of satisfying said note, and the said J. M. Bailey, defendant above named, became the last and highest bidder. He was so declared by the auctioneer. Immediately thereafter a demand was made on the said Bailey by plaintiff for the sum bid by him, to-wit, the sum of $195. The said defendant refused to pay the same, alleging as a reason therefor, that the said J. C. Pritchard had no power to execute a deed in fee simple to the defendant. It is agreed that at the date of the execution of said deed of trust that the said S. M. Chambers was the owner of said premises by virtue of a deed executed to her by her father Daniel Payne.

"It is also insisted by the defendant that the said S. M. Chambers never conveyed a title in fee simple to the said J. C. Pritchard in said deed of trust.

" It is agreed that should the Court be of the opinion that plaintiff has the power under said deed of trust to execute to said J. M. Bailey a deed in fee simple for said premises upon the statement of facts, together with the inspection of said deed of trust, judgment shall be entered for said sum bid by defendant, together with costs, but if of a contrary opinion, he shall order a nonsuit."

The material part of the deed, dated June 10, 1882, from Daniel Payne to Sarah M. Chambers was as follows:

" To have and to hold the aforesaid tract and all the privileges and appurtenances thereto belonging, to the said Sarah M. Chambers and heirs and assigns forever, to her only use and behoof; not to be sold during the life of said Sarah M. Chambers, then to belong to her heirs; and the said Daniel Payne covenants that he is seized of said premises in fee and has right to convey the same in fee simple; that the same are free from all incumbrances, and that he will warrant and defend the said title to the same against the claims of all persons whatsoever."

The material parts of the deed of trust from Chambers and wife to the plaintiff Pritchard were as follows:

" Witnesseth, for that whereas, the said S. D. Chambers and wife Sarah M. Chambers are indebted to the said Mack Stadler & Co. in the sum of $301.50, for which the said S. D. Chambers and wife Sarah M. has executed and delivered to said Mack Stadler & Co. as aforesaid, his bond with even date of this deed in said sum of $301.57, payable on the 1st day of January, 1892, with interest thereon from date, until paid, at the rate of 8 per centum per annum, payable annually on the 1st day of January and January hereafter, and it has been agreed that the payment of said debt shall be secured by the conveyance of the land hereinafter described.

, "Now, therefore, in consideration of the premises, and for the purposes aforesaid, and for the sum of one dollar to the parties of the first part paid by the party of the second part aforesaid, said S. D. Chambers and wife Sarah M. Chambers (the latter becoming a party to this deed to convey and pass all right of dower and homestead in said land and bar her claim thereto), have bargained, sold, given, granted and conveyed, and by these presents do give, grant, bargain, sell and convey to said J. C. Pritchard and his heirs and assigns, a certain tract of land lying and being in Madison County aforesaid, and more particularly described and defined as follows" (here follow the description, *habendum*, power of sale in case of default in payment of the debt, general warranty, etc.).

His Honor adjudged as follows:

"That the clause, 'not to be sold during the life of Sarah M. Chambers,' in the deed of Daniel Payne to Sarah Malinda Chambers, of the 10th day of June, 1882, as appears by the case agreed, is repugnant to the estate conveyed by said deed, an unlawful restraint upon the power and rights of alienation and void, and that said deed is a conveyance of the fee simple, without lawful condition or qualification; and that the clause in the deed of trust from S. D. Chambers and Sarah M. Chambers to J. C. Pritchard, of the 26th day of February, 1890, as appears by the case agreed, namely, 'the latter (meaning the said Sarah M. Chambers) became a party to this deed to convey and pass all right of dower and homestead in said land and bar her claim thereto,' does not have the effect to prevent the fee simple interest or estate of the said Sarah M. Chambers from passing to and becoming vested in the said J. C. Pritchard, but that the said J. C. Pritchard by said deed of trust became seized of the lands therein described in fee simple, and had a right to sell and convey the same under the power and in the manner in said deed provided, and to make to the purchaser a valid title in fee to said land.

"It is adjudged, that the contract between the plaintiff and defendant mentioned and described in the case agreed is a valid and binding contract, and that the same be in all things specifically performed; and that the plaintiff execute and deliver to the defendant a good and sufficient conveyance in fee with proper covenants and in the usual form. And it is further adjudged, that the defendant upon the delivering or tender of said conveyance do pay to the plaintiff $195, with interest thereon from this date." Defendants appealed.

*Mr. Charles A. Webb*, for plaintiff.
No counsel, *contra*.

SHEPHERD, C. J.: The deed from Daniel Payne to Sarah M. Chambers, executed in 1882, conferred upon her an estate in fee simple, and, under the doctrine declared in *Hardy* v. *Galloway*, 111 N. C., 519, and the authorities therein cited, the provision that she should not sell the property during her life was repugnant to the grant and in contravention of the principle of public policy which forbids the imposition of unreasonable restrictions upon the right of alienation. The property not having been conveyed in trust, but directly, to Mrs. Chambers, she acquired the legal title; and as she had the legal capacity to convey, with the consent of her husband, the only question remaining to be considered is whether the deed from herself and husband did actually convey to the trustee a fee simple estate in the land in controversy.

The indebtedness secured in said trust was, so far as we are informed, the joint indebtedness of herself and husband, and the recital shows that the sole object of the conveyance was to secure the payment of the same. The conveyance is in fee with a warranty that the parties of the first part are seized in fee, and the trustee is directed, in case of default, to sell the land at public auction and convey title to the purchaser — the surplus, after paying the indebtedness and expenses, to be paid to the parties of the first part. The hus-

band having no title to the property, it is manifest that not only the whole purpose of the deed, but also its operative words, will be entirely defeated if the joinder of Mrs. Chambers was simply for the purpose of releasing the right of dower and homestead in the land.

It is a cardinal rule in the interpretation of writings that they shall, if possible, be so interpreted, *ut res magis valeat quam pereat*, so that they shall have some effect rather than none, and that such a meaning shall be given to them as may carry out and most fully effectuate the intention of the parties. Broom's Max., 413. Every part of the instrument must be considered in arriving at the intention, and it should be kept in mind that where the language is susceptible of two constructions, the one less favorable to the grantor is to be adopted. It is also a well settled principle that, unless a contrary intent is manifest, " a deed must be construed in all its parts with respect to the actual, rightful state of the property at the time at which the deed is executed." 2 Devlin on Deeds, 848–851.

Applying these rules to the case before us, we are entirely satisfied that Mrs. Chambers intended to convey her interest in the said land. It was her property, and the printed words (which it is agreed the draftsman neglected to strike out of the form), to the effect that she joined in the deed for the purpose of releasing her dower and homestead, when she could, by no possibility, have had any such interests, are wholly inconsistent with her intention, as indicated by the entire scope and meaning of the instrument. As we have said, she alone had the title, and she joined in the deed as a conveying party for the declared purpose of securing the indebtedness. There was no dower or homestead interest to be released, and if the printed words are to control, there is nothing upon which the deed can operate.

We think his Honor was correct in holding that the true intent and meaning of the deed was that Mrs. Chambers conveyed the property in fee to the trustee.     Affirmed.