Ernst v. Shinkle.

CASE 103—PETITION EQUITY—MAY 26.

# Ernst v. Shinkle.

APPEAL FROM KENTON CIRCUIT COURT.

CONSTRUCTION OF DEVISE — PROHIBITION AGAINST ALIENATION.—
Where a testator devised all his property to his widow and son "to
share and share alike," except as to certain property specifically de-
scribed, which was to belong to the widow for life, remainder to the
son and his heirs, with the further provision that none of the real
estate should be sold, " but remain for a perpetual investment, and
only the revenue therefrom to be used," the widow and son took the
fee-simple title to all the real estate, except that expressly devised to
the widow for life, remainder to the son ; and the prohibition against
alienation being void, under section 27 of article 1, chapter 63, General
Statutes, the deed of the widow and son conveying to appellant a part
of the land devised passes a good title, which appellant is required to
accept under his contract with the grantors for the purchase of the
land.

RICHARD P. ERNST FOR APPELLANT.

1. The will does not create an estate tail.
    Breckinridge v. Denny, 8 Bush, 523, distinguished.
2. Appellant does not contend that the provisions in the will which declare
    that the real estate shall never be sold are valid.  On the contrary,
    such provisions are clearly invalid; not, however, because they create
    an estate tail, but because they are contrary to the statute or rule
    against perpetuities.  (Gen. Stats., chap. 63, art. 1, sec. 27.)
3. We are not disposed to contend that appellees have a life estate only,
    or that there is a limitation on their power to convey, and we do not
    desire that the court shall so find, but are unwilling to take the prop-
    erty until the question is judicially determined.  The question is
    therefore submitted to the court.

J. W. BRYAN FOR APPELLEES.

Nowhere in the will under consideration is there any attempt to put any
    limitation whatever on the estate devised to appellees, except to
    inhibit its alienation, and by it is created an estate which, in former
    times, would have been deemed an estate tail, and which, by the law
    of Kentucky, is converted into an estate in fee-simple. (M. & B. Stat.
    Law of Ky., vol. 1, p. 442; Stanton's Rev. Stat. of Ky., vol. 2, p.
    227; Gist's Heirs v. Robinet, 3 Bibb, 3; Breckinridge, &c., v. Denny,
    &c., 8 Bush, 523.)
    Best v. Conn, &c., 10 Bush, 37, explained.

Ernst v. Shinkle.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Amos Shinkle died in the city of Covington in the year 1892, leaving a last will that was admitted for probate and is now in this court for construction. He left his wife and one son, Bradford Shinkle, surviving him. The will, or that part of it for construction, reads:

" I give, devise and bequeath unto my dear and faithful wife, Sarah Jane Shinkle, and my son, Bradford Shinkle, all the remainder of my property of whatsoever kind in equal parts to each one, to share and share alike in every particular, except that the home house, No. 165 East Second street, Covington, Ky., and all the household furniture of whatsoever kind belonging to A. Shinkle, shall belong to my wife during her lifetime; also, the farm in the country, called ' Center Farm ; ' also, the carriage and pair of horses; also, the home stable and greenhouse attached to the home dwelling in the city of Covington, Ky., at 165 East Second street. These last-named articles and real estate are to belong to my wife, and at her death it shall revert to my son, Bradford Shinkle and his heirs. Bradford Shinkle shall be permitted to live in the home dwelling with his family during his lifetime free from house rent. Taxes on the home dwelling, as well as other taxes, shall be paid out of the common fund. I further declare and say that it shall not be lawful to sell any of my real estate, unless it be the home dwelling, when, if sold, funds shall be invested in other real estate, which shall never be sold, but remain for a perpetual investment of the estate of A. Shinkle, and only the revenue arising therefrom shall be used.

" I further consent that, if it should be thought best, the farm in the country, called ' Center Farm,' may be

Vol 95—39

sold either by my wife, or, if not sold in her lifetime, it may be sold by my son, but the proceeds thereof must be invested in real estate, and held as other real estate is held in this my will, not to ever be sold. . . . I hereby appoint my wife, Sarah Jane Shinkle, and my son, Bradford Shinkle, my executors, without security, with full power to do and perform any and all things that I could do if I was living, except as above stated (in regard to selling my real estate)."

The testator owned a lot of ground having no connection with the residence property on Second street, or the *Center Farm*, nor is it incumbered in any manner by other provisions of the will, or made the subject of a specific devise. This lot of ground, as the pleadings will show, was sold by the devisees, the widow and Bradford Shinkle, to Jno. P. Ernst, the appellant, and he declines to accept a deed from them on the ground that they have only a life estate, or, at least, are not vested with the fee-simple title.

The plain purpose of the testator was to prevent any sale of his realty for all future time, and also to vest the title in his devisees, with the right of alienation taken from them. This restraint upon alienation is not made a condition upon which they may accept the title, but a vesting of the fee, or an attempt to do so, in such a way as to prevent any sale or conveyance of the property, and in this manner create a perpetuity. What property he permits to be sold, the proceeds he requires to be invested perpetually, withholding in express terms all power of disposition by his devisees.

While this devise does not create an estate tail, or a pepetuity, as defined by the common law, still the pro-

visions of the will are in direct conflict with our statute on the subject. Sec. 27 of article 1, chapter 63, Gen. Stat., provides : " The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of a life and lives in being at the creation of the estate and twenty-one years and ten months thereafter."

In this case a power of alienation is taken from the devisees, in express terms, and the provision of the will by which alienation of the estate is prohibited must be held void and of no effect. Nor is there any attempt to create a life estate, except as to the homestead on East Second street and the farm known as Center Farm. This particular realty is given the wife for life, remainder to the son, Bradford, and his heirs, which creates a vested remainder in fee in Bradford as to this estate, and as to all the other realty, including the lot in question, the fee-simple title is in the devisees, the widow and the son, Bradford. There was no purpose on the part of the testator to create a life estate on any of the realty, except as to the homestead and the Center Farm, and the fact of his creating a life estate, as to this particular real estate, in the widow, remainder to his son, negatives the idea of the testator's intention to create a less estate than a fee as to any other part of his realty. The testator, doubtless, believed he could pass the fee restricting the devisees in the power of alienation, so as to create an estate that could never be disposed of, and that would pass by descent from his devisees to those who would inherit from them, never at any time passing, by conveyance or devise, by those who took or held the realty through or from his

immediate devisees.    Such was his plain intent to be gathered from his will.

The only limitation placed by the testator on the estate devised to the appellees is that inhibiting its alienation; and such a limitation being void, the appellant must accept the deed tendered him and pay the purchase money.    They have the fee-simple title.

The judgment below, according with these views, is now affirmed.