[S. F. No. 6902.    Department Two.—July 27, 1916.]

ISABELLE M. BONNELL et al., Appellants, v. THOMAS McLAUGHLIN et al., Respondents.

DEED—VOID CONDITIONS—RESTRAINT OF ALIENATION.—Where the granting clause in a deed purports to convey title in fee simple and is followed by a clause prohibiting the grantee from conveying without the consent of the grantor, the latter clause is repugnant to the interest created by the former, and, being in restraint of alienation, is void.

ID.—CONSTRUCTION OF DEED—VOID CONDITION.—Where a deed for a money consideration expressed as being ten dollars, provided that the grantor "does by these presents grant, bargain, sell, convey and

confirm, unto the said parties of the second part, and to their heirs and assigns, forever, subject to the conditions herein named, all that certain lot," etc., a provision therein that "This grant is made upon the express condition and limitation, that said second parties or either of them, shall not sell, hypothecate, mortgage, convey or alienate the whole or any portion of said premises during their natural lives but they may make testamentary disposition of the same," etc., is void in containing a restriction which is repugnant to the grant itself.

APPEAL from a judgment of the Superior Court of San Benito County. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

Peter A. Breen, and Percy E. Towne, for Appellants.

Jean & Moore, for Respondents.

HENSHAW, J.—Plaintiffs, as devisees under the will of James McMahon, deceased, brought this action against the defendants to recover property, title to which vested in Thomas McLaughlin and Anna McLaughlin, his wife, under deed to them by James McMahon, plaintiffs' testate. They charge a forfeiture of the title in the McLaughlins for their breach of a condition subsequent contained in McMahon's deed to them. The other defendants are grantees of the McLaughlins of certain parts of the land conveyed in the McMahon deed. The complaint set up the McMahon conveyance in full, and the court sustained a general demurrer to the complaint, and from the judgment which followed this appeal has been taken.

The deed of McMahon to these defendants was, so far as is here important, in the following language: For a money consideration expressed as being ten dollars, McMahon "does by these presents grant, bargain, sell, convey and confirm, unto the said parties of the second part, and to their heirs and assigns, forever, subject to the conditions herein named, all that certain lot, piece or parcel of land," etc. "This grant is made upon the express condition and limitation, that said second parties or either of them, shall not sell, hypothecate, mortgage, convey or alienate the whole or any portion of said premises during their natural lives but they may make testamentary disposition of the same. Together with all and

singular the tenements, hereditaments and appurtenances thereunto belonging, or in any wise appertaining, and the reversion, and reversions, remainder and remainders, rents, issue and profits thereof. To have and to hold all and singular the said premises together with the appurtenances, unto the said parties of the second part, and to their heirs and assigns forever, subject to the limitation and conditions herein expressed.''

The general demurrer was sustained by the court under the conviction that the condition subsequent contained a restriction repugnant to the grant itself, and of the soundness of its conclusion in this regard no doubt can be entertained. In this state it has been declared that where the granting clause in a deed purports to convey title in fee simple and is followed by a clause prohibiting the grantee from conveying without the consent of the grantor, the latter clause is repugnant to the interest created by the former, and being in restraint of alienation is void. (Civ. Code, sec. 711; *Murray* v. *Green,* 64 Cal. 363, [28 Pac. 118].) In *Maynard* v. *Polhemus,* 74 Cal. 141, [15 Pac. 451], the deed contained the proviso that if the grantee ''should ever sell any of the vested property it should be sold to the said DePeyster.'' Says this court, ''construed as a covenant, it was merely personal, and not binding upon the heirs or assigns of Cooper.'' As a condition ''it is unreasonable, and contrary to the policy of the law, because in restraint of alienation.'' In *Prey* v. *Stanley,* 110 Cal. 423, [42 Pac. 908], the restriction was that the grantee should sell or convey no part of the land without the consent of W. H. Stanley. This restriction was not contained in the deed itself but was in form a separate covenant, this court saying that the rule that conditions in restraint of alienation when repugnant to an interest created are void (Civ. Code, sec. 711) ''does not depend upon the mere form in which the restraint is imposed. It avoids, as well, covenants of the grantee against alienation as conditions of like nature imposed by the grantor; such covenants, if not within the letter of section 711 of the Civil Code, are yet obnoxious to the policy of which that section is a partial expression. (Greenhood on Public Policy, 606, note 2 et seq.; *Hunt* v. *Wright,* 47 N. H. 400, [93 Am. Dec. 451], and cases cited.) The parties to the contract of February 23, 1892, seem to have made the mistake of leaving the

absolute title in Mrs. Stanley, and at the same time attempting to destroy an inseparable incident of such title." As is pointed out in 24 American and English Encyclopedia of Law, second edition, page 868 et. seq., and note to *In re Walkerly*, 49 Am. St. Rep. 97, this rule is of well-nigh universal acceptance. In the latter it is said: "Hence, if a deed or devise is attended with an express condition that the beneficiaries shall not sell or convey the property, no perpetuity is created, because the condition itself is void, and the fee and absolute power of disposition vest in him." Further reference may be made to *Ernst* v. *Shinkle*, 95 Ky. 608, [26 S. W. 813], *Pritchard* v. *Bailey*, 113 N. C. 521, [18 S. E. 668], *Camp* v. *Cleary*, 76 Va. 140; *Hardy* v. *Galloway*, 111 N. C. 519, [32 Am. St. Rep. 828, 15 S. E. 890], and *Wakefield* v. *Van Tassell*, 202 Ill. 41, [95 Am. St. Rep. 207, 65 L. R. A. 511, 66 N. E. 830]. Even in Kentucky, where the court of last resort has for a long time adopted a modified rule to the effect that the restraint will be upheld if it appear to the chancellor to be not unreasonable, it is recognized that the views of that court are against the great weight of authority, and indeed this is expressly declared in *Lawson* v. *Lightfoot*, (Ky.) 84 S. W. 739, in the following language: "It must be conceded that the great weight of authority outside of Kentucky is to the effect, that where the fee simple title to real estate passes under a deed or will, any restraint attempted to be imposed by the instrument upon its alienation by the grantee or devisee is to be treated as void; and such is clearly the rule announced by Mr. Gray in his excellent work on 'Restraints of Alienation.' But the contrary view has been adopted by this court in repeated decisions."

No doubt can be entertained but that this limitation or restriction upon the power of alienation, which is so important a right of ownership where a fee simple is conveyed, does violence to the interest conveyed and is therefore void.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.