[Civ. No. 4310. Fourth Dist. Apr. 23, 1951.]

ELLEN CLAUSEN WHARTON, Respondent, v. MABEL CLAUSEN MOLLINET, Appellant.

T. R. Claflin for Appellant.

Dorsey, Campbell & Bultman and Henry E. Bianchi for Respondent.

BARNARD, P. J.—This is an action for a partition, as between the three owners, of a described 40 acres of land in Kern County.

The land formerly belonged to Nels P. Clausen. In the second, third and fourth paragraphs of his will he gave full title of this land to his three nieces, respectively, giving a one-half interest to one of them and a one-fourth interest to each of the other two. The fifth paragraph appointed one of the nieces as executrix. In the sixth paragraph he stated that if he was still in possession of this land at the time of his death "I hereby decree that my heirs do not sell or dispose of the same for twenty (20) years after my demise."

A decree of distribution was entered on March 18, 1948, in which the court found that the property in question was devised and bequeathed by the will to the three nieces, one-half to the one and one-fourth to each of the others, and further found that Paragraph 6 of the will read as above described. Thereafter, it was ordered and decreed that the property in question be distributed to the three nieces in the proportions

above named "subject, as to (the property in question) to the decree of Nels B. Clausen, that they do not sell or dispose of the same for twenty years after his death."

On March 3, 1949, after the decree of distribution had become final, this action for partition was brought by one of the nieces. The court found that the three nieces are the owners of the property as tenants in common; that one of the nieces is the owner in fee simple of a one-half interest in the land and each of the other two nieces is the owner in fee simple of a one-fourth interest therein; and that they acquired their title to the property through the provisions of said will and the decree of distribution which was entered. The court then further found "that the provisions of said will and said decree restraining the sale or disposition of the above property for a period of twenty (20) years is a restraint on alienation and is void under section 711 of the Civil Code," and that the devisees took the property free from that restriction. An interlocutory decree was entered providing for a partition of the property between the three nieces, or in the event this could not be fairly done for a sale of the property and a division of the proceeds. From this interlocutory decree one of the nieces has appealed.

The appellant contends that the decree of distribution, having become final, is conclusive even though it may have erroneously included a condition in violation of the statute, citing *Manning* v. *Bank of California*, 216 Cal. 629 [15 P.2d 746]; *Estate of Loring*, 29 Cal.2d 423 [175 P.2d 524]; *Estate of White*, 69 Cal.App.2d 749 [160 P.2d 204] and *Goad* v. *Montgomery*, 119 Cal. 552 [51 P. 681, 63 Am.St.Rep. 145]. It is further contended that the decree of distribution is a contract between the distributees and that partition of the property would be a sale thereof contrary to such contract.

The respondent contends that the attempted restraint on alienation, both in the will and the decree of distribution, is void under the statute and relies on the well-established rule that a void judgment or part of a judgment is a mere nullity and may be attacked at any time.

■ Without doubt a decree of distribution, when final, is conclusive as to the interpretation and validity of the will, the rights of legatees, the property included or covered by the will, and as to incidental things necessarily involved in determining all matters properly within its scope. ■ It serves to confirm the title of the legatees to such interests or estates as may be given them by the will, and which are permitted

by law to exist. **[3]** A decree of distribution cannot create a new estate or, having confirmed a title in fee simple, control what the distributee may thereafter do with the property, when a contrary provision is made by statute.

■ The decree of distribution, in accordance with the will, conveyed or confirmed a fee simple or absolute title in the distributees. (Civ. Code, §§ 761, 762.) It also contained a clause, quoted from the will, purporting to restrain alienation for a period of 20 years. While this decree was conclusive as to what the will contained, it was not conclusive on the future effect of the restricting clause. ■ This condition is inconsistent with and repugnant to the interest created by the will and confirmed in the decree, and such a condition is absolutely forbidden by section 711 of the Civil Code. ■ That section is a codification of an established rule of the common law, and is founded on grounds of clear public policy for the purpose of clarifying and protecting titles for the benefit of the public at large, as well as of the grantees. ■ Section 711 is one of the "conditions of ownership" established by law, and governs the future effect of any such attempted restriction appearing in an instrument creating a fee simple estate.

■ The right to own property in fee simple, but with a restricted right to sell it, cannot be created either by deed or by agreement. ■ Any such restriction of the right of alienation in an instrument conveying a title in fee simple is void, and the void provision is separable from the title created. (*Murray* v. *Green,* 64 Cal. 363 [28 P. 118]; *Title Guarantee & Trust Co.* v. *Garrott,* 42 Cal.App. 152 [183 P. 470]; *Bonnell* v. *McLaughlin,* 173 Cal. 213 [159 P. 590].) ■ Such a limitation on a fee simple estate can no more be created by a will than by a deed. ■ A decree of distribution, confirming a fee simple title, can have no greater effect and cannot be conclusive as to a repugnant condition which is absolutely void, and which cannot be made valid by any contract or judgment. ■ The decree of distribution was conclusive as to the passing of a fee simple title to the distributees, but the decree itself was void on its face with respect to that part of it which purports to restrict their future right of alienation for a period of years. That part of the decree being void on its face the restriction named therein is not binding on the distributees.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.