333 P.2d 812]

[Civ. No. 18263.   First Dist., Div. Two.   Jan. 8, 1959.]

TADEUSZ BUDNY et al., Appellants, v. BANK OF AMER-
ICA, NATIONAL TRUST AND SAVINGS ASSOCIA-
TION (a National Banking Corporation), as Trustee,
etc., Respondent.

Richard J. Spear and Robert S. Thaman for Appellants.

S. Lennart Cederborg and Felton L. Watson for Respondent.

DRAPER, J.—Plaintiffs' complaint seeks declaration of the invalidity of a testamentary trust, alleging that "administration was had and closed" upon the estate of the testator and quoting the challenged provisions of the trust from the will "and . . . the Decree of Final Distribution." Demurrer to the complaint was sustained without leave to amend, and plaintiffs appeal from the ensuing judgment. The assertion that the trust is invalid is based solely upon its claimed violation of the rule against perpetuities and that against restraints upon alienation. (Cal. Const., art. XX, § 9; Civ. Code, §§ 715.1, 715.2, 716 and 771.) Appellants' brief concedes that decree of final distribution to the trustees was made November 18, 1954, and has become final. This action was filed July 26, 1956. Plaintiff Budny is a cotrustee with defendant, and plaintiff Florkewicz, a brother of testator, is one of the beneficiaries.

It is unnecessary to determine whether the testamentary trust is vulnerable to the attack here made. That issue was necessarily before the probate court, and its decree of distribution, having become final, is res judicata. (*Crew* v. *Pratt,* 119 Cal. 139 [51 P. 38]; *Matter of Trust of Trescony,* 119 Cal. 568 [51 P. 951]; *Smith* v. *Vandepeer,* 3 Cal.App. 300 [85 P. 136]; *Estate of O'Connor,* 158 Cal.App.2d 187 [322 P.2d 616].) Even where the parties concede that the trust improperly restrains alienation, the decree of distribution cannot be collaterally attacked. (*Crew* v. *Pratt, supra.*) Appellants rely upon language in *Wharton* v. *Mollinet,* 103 Cal.App.2d 710 [229 P.2d 861], which they assert to be in conflict with this rule. But this decision was sharply criticized in *Wogman* v. *Wells Fargo Bank,* 123 Cal.App.2d 657, 664 [267 P.2d 423], and petition for hearing by the Supreme Court in the latter case was denied.

It is clear that plaintiff Budny, to whom distribution was made as a trustee, is within the class of "heirs, devisees and legatees" as to whom the decree of distribution is final. (Prob. Code, § 1021.) Similarly, plaintiff Florkewicz, as one of the beneficiaries of the testamentary trust, is bound by the decree. (*Estate of Loring,* 29 Cal.2d 423, 431 [175 P.2d 524].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.