[No. 10750-0-I.   Division One.   April 11, 1984.]

JOHN D. LAWSON, *as Personal Representative, Respondent,* v. REDMOOR CORPORATION, *Appellant.*

*Watson & Longley* and *Kenton L. Longley,* for appellant.

*Dailey & George* and *James H. Dailey,* for respondent.

RINGOLD, J.—The defendant Redmoor Corporation (Redmoor) appeals from a declaratory judgment terminating Redmoor's preemptive right to purchase real property and quieting title in the plaintiff. We hold that the trial court properly ruled that the preemptive right is presumed to last for a reasonable period of time in the absence of a specified termination date, and that a reasonable period

here was the last day of trial.

Redmoor bought a parcel of property (the Redmoor property) for $50,000 from Clayton and Margaret Ogden (the Ogdens) under a real estate contract dated October 31, 1973. At the same time the Ogdens, in a separate agreement, gave Redmoor a "First Right of Refusal" on a parcel of real property (the Ogden property) contiguous to the property sold under the contract. The owner–president of Redmoor testified that he would not have purchased the initial parcel without the opportunity of later acquiring the Ogden tract. The "First Right of Refusal" states:

> Part of the consideration paid by Redmoor Corporation for the property . . . was the opportunity to acquire the balance of the Ogden property when and if they are desirous of selling.
>
> Now THEREFORE, in consideration of Redmoor Corporation signing the earnest money agreement . . . the seller[s] grant to the purchaser[s] the first right of refusal on the following described property:
>
> . . .
> The purchase price shall be $50,000.00 payable on a 10–year real estate contract at six percent interest; this agreement shall bind the heirs and assigns of sellers.

This agreement, drafted by the Ogdens' attorney, has no termination date.

The property was not sold before the death of Margaret Ogden in 1979 and of Clayton Ogden in 1980. The Ogdens' heirs, through John Lawson the personal representative, brought this action seeking a declaratory judgment that the right was void as a restraint on alienation and as violating the rule against perpetuities. The heirs testified at trial that they would not sell the property for $50,000 because they believed the fair market value of the property to be far in excess of that figure. They are willing to sell at the present fair market value.

An appraiser, testifying for the plaintiff, put the 1973 market value of the Redmoor parcel at $48,000, and at $64,500 for the Ogden property. The defendant's appraiser estimated the 1973 value of the Redmoor property at

$32,000 and the Ogden parcel at $31,080, ascribing no value to the house. The trial court held that current market values were inadmissible.

The trial court found that "The first right of refusal should last for a reasonable period of time and a reasonable period of time in the instant case is until July 9, 1981." The court also found that Redmoor paid more than the fair market value for the property purchased under the real estate contract but that the amount was not unreasonable "since the property had some in-use value to the defendant, and therefore the defendant has not suffered any damages as a result of the term[ination] of the first right of refusal." The court terminated the right and quieted title in the plaintiff. Redmoor appeals, arguing that the trial court erred in terminating the right as of the last day of trial. Lawson responds that the trial court's ruling should be sustained because the preemptive right is invalid: it lacks a time limit, violating the rule against perpetuities, and it is a restraint on alienability. Alternately, Lawson argues that the termination date set by the court is reasonable.

Resolution of these issues requires consideration of the Supreme Court holding in *Robroy Land Co. v. Prather,* 95 Wn.2d 66, 622 P.2d 367 (1980). In *Robroy,* the court held that a preemptive right for an indefinite period of time, entitling the holder to match a third party offer, was not invalidated by the rule against restraints on alienation or by the rule against perpetuities.

The *Robroy* court first determined that the preemptive right was not a restraint against alienation, following the Restatement of Property § 413 analysis, because the marketability of the property remains unfettered. *Robroy,* at 70. The court specifically noted, however, that it was considering only a preemptive right to buy at a price equal to an acceptable third party offer, stating that "[a] fixed price preemptive right will frequently have a fettering effect upon property . . ." *Robroy,* at 70 n.2. Thus the question before us is whether a fixed price right so fetters alienability that it must be invalidated as an unreasonable restraint

on alienability.

■ A fixed price preemptive right may have a substantial effect on the alienability of land because

> A fixed price is usually set sufficiently low, in the light of possible developments, to enable the designated person to reap the benefits of any increase in value. . . . the owner of the estate will be deterred from attempting to sell his property because of the improbability that he will realize the full market value.

Restatement of Property § 413, comment *f* at 2444 (1944). A fixed price preemptive right is valid, according to the Restatement rule, only if the restraint complies with section 406 which requires that the restraint (a) be promissory in nature, (b) allow alienation to some, though not all, possible alienees, (c) be reasonable under the circumstances and (d) satisfy the rule against perpetuities.

Factors to consider in determining whether a restraint is reasonable include:

> 1. the one imposing the restraint has some interest in land which he is seeking to protect by the enforcement of the restraint;
> 2. the restraint is limited in duration;
> 3. the enforcement of the restraint accomplishes a worthwhile purpose;
> . . .
> 5. the number of persons to whom alienation is prohibited is small . . .

Restatement of Property § 406, comment *i,* at 2407 (1944). A restraint is generally unreasonable when it is capricious, imposed for spite or malice, does not benefit any interest in land, is unlimited in duration, or prohibits alienation to a large number of persons. Restatement, at 2407.

The restraint in this case falls somewhere in between the obviously reasonable and the obviously unreasonable. While the restraint effectively prohibits alienation to anyone other than Redmoor, and is unlimited in duration,[1] it is not spiteful or malicious and Redmoor has an interest in

---

[1] A reasonable termination date may be implied, however, so that the right does not violate the rule against perpetuities. See discussion below.

the land which it is seeking to enforce. Redmoor paid valuable consideration for the preemptive right and has an interest in acquiring the property for commercial use. A fixed price right has previously been held to be enforceable despite a large discrepancy between the fixed price and the current market value. *Thompson v. Thompson*, 1 Wn. App. 196, 460 P.2d 679 (1969).

In *Tombari v. Blankenship–Dixon Co.*, 19 Wn. App. 145, 574 P.2d 401, *review denied*, 90 Wn.2d 1015 (1978), the court held that a preemptive right requiring co–owners of a shopping mall to offer their share of the mall to the other owners at $1,000 an acre was an invalid restraint against alienation. The court found that the fair market value of the property had increased to $3,000 an acre and that "The only apparent purpose of the preemptive right is to restrain alienation." *Tombari*, at 149. *Tombari* cited *Kershner v. Hurlburt*, 277 S.W.2d 619 (Mo. 1955) as supporting authority. In *Kershner*, the Missouri court found a fixed price preemptive right to be an invalid restraint because no socially or economically desirable objective could be accomplished by enforcing this contract and the parties had no other stated purpose, and could have accomplished nothing more, than to arbitrarily restrain the alienation of the lots for the lives of the respective parties. *See also Trecker v. Langel*, 298 N.W.2d 289 (Iowa 1980); *Inglehart v. Phillips*, 383 So. 2d 610, 614 (Fla. 1980) (fixed price preemptive rights found invalid using Restatement analysis).

The few Washington cases dealing with unreasonable restraints on alienation outside the preemptive rights area simply state that "unreasonable restraints are invalid" and that "reasonable restraints that are justified by the legitimate expectations of the parties are valid." *See, e.g., Miller v. Pacific First Fed. Sav. & Loan Ass'n*, 86 Wn.2d 401, 404, 545 P.2d 546 (1976) (due on sale clause may be reasonable restraint); *Erickson v. Bank of Cal., N.A.*, 97 Wn.2d 246, 249, 643 P.2d 670 (1982) (spendthrift trust provision a reasonable restraint).

Under the Restatement analysis, this preemptive right is

not an unreasonable restraint. Unlike the situation in *Kershner* and *Tombari,* the parties who made the contract had a definite purpose in mind and both benefited from the agreement. Redmoor purchased a parcel of land in reliance on the right to obtain the remainder of the parcel and paid valuable consideration for the preemptive right. The Ogdens wanted to sell the initial parcel, which Redmoor would not purchase without the preemptive right. The Ogdens also wanted to retain their own home as long as they could. The agreement achieved the purpose of encouraging the sale of the original parcel, providing the Ogdens with cash from that sale, and enabling them to remain in their home. The restraint is reasonable when a suitable termination date is set so that the right does not violate the rule against perpetuities.

### REASONABLENESS OF TERMINATION DATE

The question as to what is a reasonable duration for a preemptive right depends on the facts and circumstances of each case. *Robroy,* at 74. This is a factual determination. Redmoor claims that the trial court finding that the last day of trial was a reasonable termination date for the right is not supported by substantial evidence.

The trial court's findings on factual matters will not be disturbed on appeal when supported by substantial evidence. *Peeples v. Port of Bellingham,* 93 Wn.2d 766, 771, 613 P.2d 1128 (1980); *Glover v. Tacoma Gen. Hosp.,* 98 Wn.2d 708, 658 P.2d 1230 (1983). The lawyer who drafted the agreement testified that he believed the parties contemplated a relatively short duration of the right. Direct testimony about the parties' intentions was barred by the deadman's statute, but Redmoor's president testified that he anticipated that the agreement would be completed within a "relatively short time." The preemptive right was effective from October 31, 1973 when the agreement was drafted, until July 9, 1981 when the right was terminated by the court. Redmoor had the preemptive right for 8 years, about a year past the death of both grantors. The trial

court's finding that 8 years was a reasonable duration is supported by substantial evidence.

Redmoor also argues that 21 years should be adopted as a standard implied duration for commercial contracts lacking a termination date. The Supreme Court discussed this approach in *Robroy,* at 73–74. They did not, however, adopt it at that time and we therefore decline to adopt it here.

Because we conclude that the preemptive right was not void, but existed for 8 years, Redmoor received what was bargained for: a right of first refusal for a limited period of time. We therefore do not consider Redmoor's contention that it was damaged by the termination of the right.

The judgment of the trial court is affirmed.

SWANSON, J., and SODERLAND, J. Pro Tem., concur.