No. 85-127

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

———————————————————————

ALMA EDGAR,

       Plaintiff and Respondent,

  -vs-

ERNEST EMMETT HUNT and JACQUELINE
M. HUNT, husband & wife,

       Defendant and Appellant.

———————————————————————

APPEAL FROM:  District Court of the Third Judicial District,
             In and for the County of Granite,
             The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Ken H. Grenfell, Missoula, Montana

      For Respondent:

           Skelton & Cooley; Robert Skelton, Missoula, Montana

———————————————————————

Submitted on Briefs:  June 6, 1985

Decided:  September 10, 1985

Filed:  SEP 10 1985

*Ethel M. Harrison*

———————————————————————
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Hunts appeal from an order granting plaintiff Edgars' motion for summary judgment by the District Court, Third Judicial District, Granite County in this quiet title action. Hunts contend that adequate consideration supported the repurchase option and that the option did not violate either the rule against perpetuities or the rule against restraints on alienation. We reverse and remand for trial.

On August 13, 1964, the Hunts sold the subject real property by warranty deed to Alma and Omer Edgar in joint tenancy. Apparently, the parties entered into a notarized agreement contemporaneously with the execution of the deed. Under this agreement, Edgars had the right to use sewer facilities on Hunts' land and to take water from a well on the adjacent Hunt land. The agreement also stated:

> Whereas, said real property was sold to First Parties [Edgars] by Second Parties [Hunts] with the understanding that Second Parties [Hunts] would have first option to purchase said property should First Parties [Edgars] desire to sell said property in their respective lifetimes;
>
> . . .
>
> That should First Parties [Edgars] sell said real property, Second Parties [Hunts] are hereby granted an option to repurchase said premises for the sum of Seven Thousand Dollars ($7,000.00); provided always that First Parties [Edgars] shall give to Second Parties [Hunts] thirty (30) days written notice of their intention to sell said premises, and that Second Parties [Hunts] shall before the expiration of said thirty (30) day period have the right to repurchase said premises for the sum of Seven Thousand Dollars ($7,000.00) cash.

Thereafter, Omer Edgar died, terminating the joint tenancy. His widow, Alma Edgar, now the sole owner of the

property, on June 13, 1984, brought this quiet title action to invalidate the option agreement. After the Hunts answered her request for admissions, she filed a motion for summary judgment contending; (1) that there was no consideration for the repurchase option; and (2) that the repurchase option violated section 70-1-405, MCA and is thus invalid.

On January 29, 1985, the court granted Alma Edgar's motion for summary judgment. The court ruled that there was no consideration to support the option, and secondly, that it was a condition restraining alienation, and therefore void. On February 5, 1985, the District Court entered judgment quieting title to the property. From this order and judgment Hunts appeal, raising the following issues:

(1) Whether the District Court properly granted summary judgment holding that there was no consideration supporting the repurchase agreement.

(2) Whether the District Court properly granted summary judgment holding that the repurchase agreement was invalid because it violated the rule against restraints on alienation, or the rule against perpetuities.

As to the first issue, the District Court erred in holding the agreement unenforceable for a lack of mutual consideration. The court's order reasoned "[i]t is obvious from reading the preamble to the mutual agreement that any consideration was to be paid by the Edgars to the Hunts and not vice versa." In this respect, the court failed to construe the contract according to section 28-3-202, MCA, which requires that "[t]he whole of a contract is to be taken together so as to give effect to every part if reasonably practicable, each clause helping to interpret the other." The agreement, read in its entirety, set up obligations

3

running both ways. The Hunts were to provide the Edgars with water and access to their sewer facility. In return, the Edgars paid a nominal consideration of one dollar "and other valuable consideration," agreed to help maintain the sewer and water facilities, and granted to the Hunts the repurchase option. Further, this Court has ruled that even nominal consideration is adequate to support an option contract. Van Atta v. Schillinger (Mont. 1981), 625 P.2d 73, 38 St.Rep. 426; Keaster v. Bozik (Mont. 1981), 623 P.2d 1376, 38 St.Rep. 194. We hold that the repurchase agreement was supported by adequate consideration as part of the original contract to purchase.

The District Court erred in holding that the pre-emptive right held by the Hunts was void as a matter of law and in granting summary judgment on that ground. The court correctly noted that the rule against perpetuities, § 70-1-407, 408, MCA, did not apply to the fixed price pre-emptive right at issue. In re Murphy's Estate (1935), 99 Mont. 114, 43 P.2d 233. The error was in interpreting section 70-1-405, MCA as an absolute prohibition against any restraint on the alienation of real property. That section states: "Conditions restraining alienation, when repugnant to the interest created, are void." (Emphasis added.) This Court reads that provision as a statement of the majority common law rule that restraints on alienation, when reasonable, are valid. Lawson v. Redmoor Co. (Wash.App. 1984), 679 P.2d 972. 61 AmJur.2d, Perpetuities §121, p. 129 (1981). The question is whether the particular restraint is reasonable under the circumstances. Lawson, 679 P.2d at 974.

The Restatement of Property, in section 406, comment "i", sets forth various factors that may be considered when

determining the reasonableness of any particular restraint. In addition to the Restatement factors, case law has articulated two others to be considered when determining reasonableness. The type of price set is important. If the price is fixed and greatly disproportionate to the market value of the property, this supports a finding of unreasonableness. Ross v. Poneman (N.J.Super. 1970), 263 A.2d 195, 199; Iglehart v. Phillips (Fla. 1980), 383 So.2d 610, 614, 615. Secondly, the intent of the parties contracting for the pre-emptive right is a factor. If, from the circumstances, it appears that the particular restraint, or the price set thereby, is primarily for the purpose of restraining the alienability of the property, it will weigh heavily against the validity of the restraint. On the other hand, if the circumstances suggest that the restraint was freely entered into by mutual consent as a normal incident of an equal bargaining relationship in order to promote the original transfer of the property, the scales will tip back towards the reasonableness of the restraint, see Lawson, 679 P.2d at 974-975. We hold that the repurchase option did not violate the rule against restraints on alienation.

Respondent contends that this Court should follow the California Court of Appeals decision in Wharton v. Mollinet (Cal.App. 1951), 229 P.2d 861. In Wharton, the California court interpreted section 711 of the California Civil Code, which Montana adopted as § 70-1-405, MCA, as an absolute rule against any restraint on the alienation of property. Wharton, 229 P.2d at 863. Respondent contends this Court is bound to follow the Wharton rule because of our holding in State v. Murphy (1977), 174 Mont. 307, 570 P.2d 1103, that:

> Montana follows the rule of statutory
> construction where in adopting a statute
> from a sister state, the court adopts the
> construction placed upon it by the
> highest court of the state from which it
> was adopted.

Murphy, 570 P.2d at 1105.

Though we recognize the continuing validity of the rule in Murphy, it does not, require this Court to adopt the rule in Wharton in this case. First, § 70-1-405 was adopted in 1895, prior to the Wharton holding. Second, Wharton was not decided by the "highest court" of California. Thirdly, Wharton appears to be no longer followed in California, see Budny v. Bank of America (Cal.App. 1959), 333 P.2d 812; Wogman v. Wells Fargo Bank and Union Trust Co. (Cal. App. 1954), 267 P.2d 423, 428.

The order of the District Court granting summary judgment to the plaintiff is reversed, and this case is remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices