543 P.2d 1290 (1975)
PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Elmer Roger MARTINEZ, Defendant-Appellant.
No. 75-075.
Colorado Court of Appeals, Div. I.
October 23, 1975.
Rehearing Denied November 13, 1975.
Certiorari Denied January 19, 1976.
*1291 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Bruce J. Meyer, Alamosa, for defendant-appellant.
Selected for Official Publication.
STERNBERG, Judge.
Defendant Elmer Roger Martinez was convicted of the crime of theft in violation of § 18-4-401(1) (a), C.R.S.1973. The principal issue on appeal, one of first impression in Colorado, is whether the Colorado courts have jurisdiction over this offense which originated in the State of New Mexico. Since we conclude that Colorado did have jurisdiction, and that defendant's other allegations of error are without merit, we affirm the conviction.
The pertinent facts as adduced at the trial are these: Two power saws were stolen from a store in Questa, New Mexico, in late January 1974. Several weeks later the Sheriff of Costilla County, Colorado, received information that one Joseph Sanchez had recently purchased two saws. Investigation revealed that Sanchez still had one in his possession and had resold the other.
Sanchez testified that on February 7, 1974, in San Luis, Colorado, this defendant and his co-defendant Jessie Aragon parked the latter's car in a filling station and that Aragon exhibited two chain saws in the trunk of the vehicle. Sanchez also testified that the saws were new and still had *1292 the instruction booklets attached. Negotiations over price of the saws were conducted resulting in payment by Sanchez to both defendants. At trial, both saws were identified by their owner, by reference to serial numbers, as those stolen from his store in Questa, New Mexico.

I.
Defendant was charged with theft under § 18-4-401, C.R.S.1973, which provides:
"(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, or knowing said thing of value to have been stolen, and:
"(a) Intends to deprive the other person permanently of the use or benefit of the thing of value . . . ."
Urging that under the statute "theft by taking" and "theft by receiving" are two distinct and separate offenses, defendant argues that since he was charged with and found guilty under the "taking" section of the statute ("obtaining or exercising control without authority") rather than the "receiving" part of this statute ("obtaining or exercising control knowing said thing of value to have been stolen"), his conviction must fail since Colorado had no jurisdiction over a "taking" which occurred in New Mexico. We do not agree with these contentions.
As stated in Maes v. People, 178 Colo. 46, 494 P.2d 1290:
"In enacting the theft statute, the Legislature intended to define one crime of theft which would incorporate all crimes involving the taking or obtaining of personal property without physical force and to eliminate distinctions and technicalities which previously exist in the pleading and proof of such crimes."
Historically, subject matter jurisdiction relative to the common law crime of larceny was held by a majority of courts in the United States to lie within an exception to the general rule of the territorial theory of jurisdiction. Under this exception, larceny was considered a continuing crime and every asportation considered a new taking; thus larceny could be prosecuted not only at the place where the goods were stolen, but also wherever the goods were subsequently brought. See W. LaFave & A. Scott, Criminal Law § 17. In Colorado, this view of larceny as a continuing crime is reflected in our venue statute, § 18-1-202(4), C.R.S.1973, which provides that:
"Theft of property is committed and the offender may be tried in any county in which he exercised control over the property."
Moreover, by § 18-1-201, C.R.S.1973, Colorado has modified the common law rule of limited territorial jurisdiction by enlarging its power to prosecute crimes that may originate outside the state:
"(1) A person is subject to prosecution in this state for an offense which he commits, by his own conduct or that of another for which he is legally accountable, if:
"(a) The conduct constitutes an offense and is committed either wholly or partly within the state . . . .
. . . . . .
"(2) An offense is committed partly within this state if conduct occurs in this state which is an element of an offense or if the result of conduct in this state is such an element. . . ."
The elements of theft as charged here are knowingly obtaining or exercising control over a thing of value of another without authorization and with the intent to deprive another permanently of the use or benefit of his property. There was evidence presented that defendant exercised control over these chain saws in Colorado without authorization. Thus, the offense of theft was "committed partly within this state" as contemplated by § 18-1-201(2), C.R.S.1973, and, therefore, in accordance with § 18-1-201(1) (a), C.R.S.1973, defendant "is subject to prosecution in this state" for that offense.
*1293 Premised on the theory that § 18-4-401, C.R.S.1973, delineates separate offenses of "theft by taking" and "theft by receiving," defendant alleges two additional errors. Since we have concluded that there is but one crime of theft under this statute, these allegations of error, being based upon an erroneous assumption, must also fail.

II.
Since there was no direct proof of the taking in this case, the inference of guilt from recent, exclusive and unexplained possession served as a basis for defendant's conviction. See Noble v. People, 173 Colo. 333, 478 P.2d 662. However, defendant alleges this inference was inapplicable to him because his possession of the stolen property was neither recent nor exclusive. We do not agree.
Although, according to the evidence, 12 days had elapsed between the actual taking of the chain saws from the hardware store and defendant's possession of them in the trunk of the car, this 12 day lapse was found by the jury, by inference, to be recent. This was an appropriate jury question. See Rueda v. People, 141 Colo. 504, 348 P.2d 958.
With regard to the matter of exclusive possession, it has been held that the possession need not be "sole." In Martinez v. People, 162 Colo. 195, 425 P.2d 299, the defendant argued that any possession by him was not exclusive since he was only a passenger in the car in which stolen goods were found. In that case, the court disagreed, holding that there could be "exclusive" possession by two persons even though there was also a joint possession. Thus, the trial court properly denied defendant's motion for judgment of acquittal. See People v. McClendon, Colo., 533 P.2d 923.

III.
Finally, defendant urges that the trial court erred in refusing to grant defendant's motion for a new trial on the grounds of newly discovered evidence and official misconduct. This motion was accompanied by an affidavit of Mr. Sanchez, the chief prosecution witness, who stated in this affidavit that he was told by the Sheriff of Costilla County to keep his testimony the same at trial as it was at the time of the preliminary hearing, or "risk getting into trouble." Mr. Sanchez stated that as a result of this "threat" he was inhibited in his testimony at trial and did not reveal all that he could have, and that further he felt his testimony might have been misleading because it was incomplete. There was no indication that an amplification of Sanchez' testimony would have probably resulted in an acquittal.
Motions for new trial based on grounds of newly discovered evidence are looked upon with disfavor. Even where a witness recants his trial testimony, which is not the case here, such motions are addressed to the discretion of the trial court. Blass v. People, 79 Colo. 555, 247 P. 177; Digiallonardo v. People, 175 Colo. 560, 488 P.2d 1109. We find no abuse of discretion in the denial of the motion for new trial.
Judgment affirmed.
COYTE and VanCISE, JJ., concur.