No. 13647

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

------------

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

KEVIN MURPHY,

Defendant and Appellant.

------------

Appeal from:   District Court of the Second Judicial District,
               Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

    For Appellant:

        Stimatz and Engel, Butte, Montana
        Joseph Engel argued, Butte, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Dennis Moreen argued, Assistant Attorney General,
         Helena, Montana
        John G. Winston, County Attorney, Butte, Montana

------------

                            Submitted:  September 27, 1977

                              Decided:  OCT 2 5 1977

Filed:  OCT 2 5 1977

_____ Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court:

Defendant Kevin Murphy was charged and convicted of burglary in the district court, Silver Bow County. From the jury verdict and subsequent sentence, defendant appeals.

On May 3, 1976, at approximately 2:15 a.m., two witnesses heard a noise which aroused their attention. They looked out from their second floor apartment, located across the street from Len's Food Store in Butte, Montana, and saw an individual kicking the door window at Len's. The door window was subsequently kicked out and various items, including Olympia and Lucky Lager beer, were taken from the store.

During the break in one individual on the street answered back to the witnesses' shouts from the second floor apartment. Defendant was recognized by one of the witnesses as being near Len's at the time the store was broken into. Also, an individual was seen running from the store and dropped a can or bottle out of his hand.

By the time one witness was able to dress and move to the street, the police had arrived. They pursued two individuals running down the street and while in pursuit the police observed the two throw items into a yard. One suspect was identified as defendant. When arrested defendant had five cans of Olympia beer in his possession.

Officer Albert Johnson, who apprehended defendant testified at trial that he believed others were involved in the break in but were not apprehended.

Defendant did not take the stand. Mike McMeekin, arrested with defendant and who plead guilty to the burglary, testified an

Indian named Randy kicked in the door glass, ran into the

store, grabbed some beer and ran out. McMeekin further

testified that while Randy was kicking the door, "these

guys came out from across the street and started yelling

at us" and he, McMeekin, swore at them.

At trial the prosecution was not able to establish that

defendant actually entered the building.

On appeal defendant presents but one issue for this

Court's review:

Did the trial court err in giving its Instructions Nos.

17 and 18 regarding defendant's liability as an aider and

abettor without charging him as an aider and abettor in the

Information?

The instructions in question read:

"Instruction No. 17

"A person is legally accountable for the conduct
of another, when, either before or during the
commission of an offense, and with the purpose
to promote or facilitate such commission, he
solicits, aids, abets, agrees or attempts to aid,
such other person in the planning or commission of
the offense."

"Instruction No. 18

"You are instructed that all persons concerned
in the commission of a crime, whether it be a
felony or a misdemeanor, or whether they directly
commit the act constituting the offense or aid
and abet in its commission, are principals in any
crime as committed. And in this case, if you
believe from the evidence that the Defendant did
not directly commit the crime charged in the
Information, yet if you do believe from the evidence,
beyond a reasonable doubt, that he was present,
knowing, aiding and abetting in its commission, you
should find him guilty."

Defendant contends it is clear the crime charged in the

Information is only burglary in violation of section 94-6-204(1),

R.C.M. 1947. It is not clear that defendant was charged with

accountability for burglary of others under the provisions of section 94-2-106 or section 94-2-107, R.C.M. 1947. That the failure of the state to list the additional charges upon which the jury was instructed in Instructions Nos. 17 and 18 constitutes a failure to fully apprise defendant of the charges against him and resulted in surprise to him when the prosecution sought these instructions. Further, this failure precluded defendant from being apprised of the specific charge against him and the chance to be heard on the issues caused by the charge. Defendant's contentions fail.

First, the trial court did not err in giving Instructions Nos. 17 and 18, which instructed the jury as to "aiding and abetting". The instructions are not challenged as an incorrect statement of the law, but rather the challege is based upon the failure of the state to specifically charge the defendant with accountability in the Information.

Prior to Montana's new criminal code, section 94-6423, R.C.M. 1947, and interpreting case State v. Zadick, 148 Mont. 296, 419 P.2d 749 (1966), correctly stated the law. On January 1, 1974, sections 94-2-106 through 94-2-108, R.C.M. 1947, replaced section 94-6423. The Criminal Law Study Commission stated in its comments that section 94-2-107 accepts the approach of section 94-6423 and endeavors to develop it in full.

Section 94-2-107 is substantially the same as the source, section 5-2, Chapter 38 of the Illinois Criminal Code. Under Illinois case law interpreting section 5-2, an indictment need not distinguish an act performed by the accused himself and the act of another for which he is legally accountable. People v. Nicholls, 43 Ill.2d 91, 245 N.E.2d 771,777 (1969), cert.den.

- 4 -

396 U.S. 1016, 90 S.Ct. 578, 24 L ed 2d 507 (1970). Montana follows the rule of statutory construction where in adopting a statute from a sister state, the court adopts the construction placed upon it by the highest court of the state from which it is adopted. State ex rel. Phil Mankin v. Wilson,____Mont. ____, _____P.2d____, 34 St.Rep. 1075 (1977).

Defendant further argues he was surprised and precluded from knowing specifically the charges against him by the state's failure to list the additional charges in Instruction Nos. 17 and 18. The court record contains defendant's proposed instruction Nos. 17, 18, 19 and 20. The trial transcript reveals the trial judge refused these proposed instructions. This Court wonders how counsel for defendant can so boldly claim surprise. The trial transcript and court record reflect the fact defendant was not surprised. All four of defendant's proposed instructions pertain to "aiding and abetting". Additionally, the state claims from the outset of the trial, on voir dire and in the opening statement, section 94-2-107(3) was argued. Under section 94-2-107(3) a person is legally accountable for the conduct of another when:

> "(3) either before or during the commission of an offense and with the purpose to promote or facilitate such commission, he solicits, aids, abets, agrees to attempt to aid, such other person in the planning or commission of the offense. * * *"

While the record is clear that no surprise existed, this Court does not condone the method used by the state in charging the defendant. If the state planned to charge the defendant with aiding and abetting, in proper practice it should have done so from the onset.

- 5 -

Second, the giving of Instructions Nos. 17 and 18 are not reviewable by this Court. Section 95-1910(d), R.C.M. 1947, states the respective parties shall specify and state the particular ground on which an instruction is objected to. A general objection is not sufficient. Defense counsel failed to object to the giving of Instruction No. 17. Failure to object precludes the defendant from assigning error to such instruction on appeal. State v. Holt, 121 Mont. 459, 463, 194 P.2d 651 (1948); State v. Best, 161 Mont. 20, 24, 503 P.2d 997 (1972).

Defense counsel did object to Instruction No. 18, but only on the basis that it was repetitive of No. 17. In defendant's brief on appeal he alleges a different reason for the instruction being improper. Only valid objections made at the time of the settlement of instructions may be considered by this Court on appeal. State v. Best, supra.

The judgment is affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices.