**John Leroy HAWKES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5420.**

Supreme Court of Wyoming.

April 20, 1981.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, for appellant.

John D. Troughton, Atty. Gen., Allen C. Johnson, Senior Asst. Atty. Gen., and Rhonda J. Selvy, Legal Intern, Cheyenne (argued), on brief for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN *, JJ.

BROWN, Justice.

A jury convicted defendant, John Leroy Hawkes, of burglary. On appeal defendant has raised two parallel issues: whether the trial judge erred in instructing the jury as to the crime of aiding and abetting when the information only charged the principal offense of burglary; and whether the trial judge erred in denying defendant's motion for judgment of acquittal because the evidence showed that defendant did not actually enter the liquor store. We find that the trial judge did not err in either instance and affirm.

During the early morning hours of July 31, 1980, the Rustic Liquor Store in Gillette, Wyoming, was burglarized. Timothy Dower testified that while he, his cousin, Mike Dower, and defendant were riding around town that morning drinking beer, Mike Dower decided that they should break into the Rustic Liquor Store to get more beer. At first Timothy Dower and defendant ignored Mike Dower. However, Timothy eventually agreed to break into the liquor store and then defendant acquiesced.

Timothy Dower further testified that once they reached the liquor store he handed his cousin a rock to break the drive-up

window and "John [defendant] turned and walked out to the road and was standing out there." There was no expressed agreement that defendant would be the lookout; however, Timothy Dower did say that he thought that defendant would have warned them if a sheriff's vehicle were approaching the liquor store. Undersheriff Sam Doyle testified that defendant told him that defendant was stationed along the highway "to alert the others in case a vehicle came in."

Timothy Dower testified that after the window of the liquor store was broken, Mike Dower crawled through the broken window and began placing beer from the cooler on the window ledge. While Mike Dower was in the liquor store, defendant walked to the window and Mike Dower asked defendant if he wanted any cigarettes.

Shortly after this officers from the Campbell County Sheriff's office arrived at the liquor store in response to a silent intrusion alarm that had been set off when the window was broken. One of the officers observed defendant lying underneath a pickup truck that was parked near the liquor store. The officer dragged defendant out from under the pickup truck and placed him under arrest.

The amended information filed against defendant provides in pertinent part:

"* * * John Leroy Hawkes late of the county aforesaid, on the 31st day of July, A.D. 1980 at the County of Campbell in the State of Wyoming, did intentionally enter a building, namely: the Rustic Liquors business establishment, without the consent of the person in lawful possession, namely: Richard E. Plunkett, and with the intent to steal, in violation of Wyoming Statute Section 6–7–201(a)(i)."

The bill of particulars, however, does not allege that defendant actually entered the liquor store. The bill of particulars provides:

"4. John Hawkes acted as a look-out [sic].

---

\* District Judge at time of oral argument when assigned upon recusal of McCLINTOCK, J., now retired. Justice of this court effective March 26, 1981.

"5. John Hawkes assisted, advised and directed Mike Dower and he received a part of the stolen merchandise from Mike Dower while Mike Dower was still in the store and John Hawkes was on the outside."

Defendant contends that the trial judge erred in instructing the jury as to the crime of aiding and abetting and in failing to grant his motion for acquittal. In support of these parallel contentions, defendant argues that the crime charged could only have been committed by a principal and the evidence produced at trial proved only that defendant was present when the burglary took place. We cannot agree.

Section 6–1–114, W.S.1977, provides:

"Every person who shall aid or abet in the commission of any felony, or who shall counsel, encourage, hire, command, or otherwise procure such felony to be committed, shall be deemed an accessory before the fact, and may be indicted, informed against, tried and convicted in the same manner as if he were a principal, and either before or after the principal offender is convicted or indicted or informed against; and upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

■ Since this statute provides that an aider and abettor is to be "informed against, tried and convicted in the same manner as if he were a principal," no distinction is made between aider and abettor and principal; thus an aider and abettor is guilty of the principal crime. Proof of either participation is sufficient to convict a defendant as a principal and it is not necessary that the information refer to the aiding and abetting statute. *State v. Garrett,* Iowa, 173 N.W.2d 87, 90 (1969); *United States v. Fryer,* 419 F.2d 1346, 1348 (8th Cir. 1970), *cert. denied* 397 U.S. 1055, 90 S.Ct. 1399, 25 L.Ed.2d 672 (1970).

■ In light of this principle we find that the information in the case at bar, although inartfully drawn, was sufficient to support defendant's conviction. It may be better practice to have an information contain a reference to the aiding and abetting statute if it appears that the accused acted as an accessory rather than a principal. However, the trial judge did not err in instructing the jury as to the crime of aiding and abetting, because proof of participation as an aider and abettor is sufficient to support a conviction as a principal.

■ Defendant argues that he was not fully apprised of the charge against him so as to prepare his defense. This court has recently considered this argument in a case involving two defendants charged with grand larceny. *Neilson v. State,* Wyo., 599 P.2d 1326 (1979), *cert. denied* 444 U.S. 1079, 100 S.Ct. 1031, 62 L.Ed.2d 763 (1981). In that case, the defendants also objected to instructions concerning aiding and abetting on the ground that these instructions raise a new element against which they were given no opportunity to defend. Id., at 1335. This court held that the allegations in the information were sufficient to reasonably apprise them of the theory with which they were charged and the acts which allegedly constituted the offense. Id. In that case, this court added that the defendants could have requested a bill of particulars had they been curious about the precise theory under which the State intended to prosecute the charge. Id.; see, *Tanksley v. People,* 171 Colo. 77, 464 P.2d 862, 866 (1970).

■ Defendant's case is even weaker than that in *Neilson,* supra, since defendant had actual notice of the State's theory as set out in the bill of particulars. Admittedly, a bill of particulars is not a part of the information and does not change the offense charged; however, it does make the general allegations more specific, which allows the defendant an opportunity to better prepare his case. *Booth v. State,* Wyo., 517 P.2d 1034, 1036 (1974).

The Washington Supreme Court in addressing this same argument has stated:

"* * * The law is settled in this jurisdiction that a verdict may be sustained upon evidence that the defendant participated in the commission of the crime charged,

as an aider or abettor, even though he was not expressly accused of aiding and abetting and even though he was the only person charged in the information. * *" *State v. Carothers*, 84 Wash.2d 256, 525 P.2d 731, 734 (1974).

Other jurisdictions concurring: *State v. Goering*, 225 Kan. 755, 594 P.2d 194, 198 (1979); *State v. Holder*, 100 Idaho 129, 594 P.2d 639, 641 (1979); and *State v. Murphy*, 174 Mont. 307, 570 P.2d 1103 (1977).

Defendant further contends that the charge of burglary cannot be upheld on proof of some other distinct offense. This court considered this variance problem in *Berry v. State*, 51 Wyo. 249, 258, 65 P.2d 1097, 1100 (1937), and concluded, quoting from *Hunter v. State*, 47 Ariz. 244, 55 P.2d 310, 311 (1936):

> " '* * * the better rule is that proof that a defendant, who is indicted or informed against as a principal, was an accessory before the fact fully sustains the allegations of the indictment or information, and that there is no variance.' "

 While we agree with defendant that the evidence produced at trial did not establish that he entered the liquor store with an intent to steal, we find ample evidence in the record to support his conviction. The necessary elements to prove the crime of aiding and abetting a burglary are: (1) a burglary was committed by someone, and (2) the defendant participated in the crime. *Goldsmith v. Cheney*, 447 F.2d 624, 627 (10th Cir. 1967).

As we have already discussed, Timothy Dower testified that defendant agreed to break into the liquor store, and that Mike Dower broke the window, actually entered the store, and began putting beer out on the ledge of the drive-in window. Timothy Dower further testified that it was his understanding that defendant, who had walked out to the road after the window was broken, would have warned them if a sheriff's car approached the liquor store. Furthermore, Undersheriff Doyle testified that defendant told him that defendant was acting as a lookout during the burglary. Therefore, there is sufficient evidence in the record to support defendant's conviction.

We affirm.