**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Donald E. TINKLE, Defendant-Appellant.**

No. 84CA0435.

Colorado Court of Appeals, Div. I.

Dec. 12, 1985.

As Modified on Denial of Rehearing Jan. 9, 1986.

**920**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Duane M. Kline, III, Pamela A. Stross, Deputy State Public Defenders, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Donald E. Tinkle, appeals from the trial court's denial of his motion for judgment of acquittal of the charge of theft. Defendant moved for judgment of acquittal at the close of the prosecution's case, at the close of all of the evidence, and after the jury returned a verdict of guilty of theft under § 18–4–401(1)(b), C.R.S. We reverse defendant's conviction.

The evidence presented at trial showed the following events. Defendant and one Hyskell entered into an oral agreement in Colorado according to which defendant was to take some of Hyskell's merchandise (monkey hand puppets) with him to Texas to sell in booths at several rodeos. Defendant was to keep Hyskell apprised of his progress and periodically was to send a portion of the sale proceeds to Hyskell.

Defendant picked up the merchandise at Hyskell's home in Colorado Springs and immediately drove to Texas. In several telephone calls from Texas, defendant told Hyskell that he was having serious problems selling Hyskell's merchandise at the rodeo. The sales problems continued at the next rodeo, and subsequently, defendant moved to Arizona to attend a motel management school and there sold all of the merchandise, but did not pay any of the proceeds to Hyskell.

Defendant argues that no element of the crime of theft was committed in Colorado and that, therefore, the trial court had no jurisdiction to try the case. We agree.

A person is subject to prosecution in Colorado if "the conduct constitutes an offense and is committed either wholly or partly within the state.... An offense is committed partly within this state if conduct occurs in this state which is an element of an offense or if the result of conduct in this state is such an element." Section 18–1–201, C.R.S. (1978 Repl.Vol. 8).

Here, the evidence would support only a finding that, at least after the sales, defendant knowingly used Hyskell's merchandise in such a manner as to deprive him permanently of its use or benefit when he sold them and did not pay Hyskell any of the agreed proceeds. *See* § 18–4–401(1)(b), C.R.S. (1978 Repl.Vol. 8). However, the record also shows that this deprivation took place in either Texas or in Arizona, but not in Colorado.

In addition, it is undisputed that when defendant took control of Hyskell's merchandise in Colorado, he took it with complete authorization. Although defendant may have formulated the intent element of theft at a later time, when control over the merchandise no longer was authorized, there is no evidence in the record supporting an inference that such intent was formulated in Colorado. Therefore, no element of the theft charged here occurred in Colorado.

The People argue, and the trial court concluded, that defendant's actions in Colorado resulted in the thefts elsewhere and that the original steps taken in Colorado, whether they were criminal or not, were part and parcel of the theft, thus conferring proper jurisdiction under § 18–1–201, C.R.S. (1978 Repl.Vol. 8).

The trial court's ruling is erroneous as a matter of law. The place where the defendant comes into possession of the thing of value is not an element of the crime of theft under § 18–4–401, C.R.S. (1978 Repl. Vol. 8). Therefore, delivery in

Colorado is not "conduct" which comes within the definition of "being committed partly within this state" under the jurisdiction statute § 18–1–201(2), C.R.S. (1978 Repl.Vol. 8).

In ruling on a defendant's motion for judgment of acquittal, the issue before a trial court is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt as to each element of the charge. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). Where the evidence is such that reasonable jurors must necessarily have a reasonable doubt, acquittal must be directed. *People v. Bennett, supra; Davis v. People,* 176 Colo. 378, 490 P.2d 948 (1971).

The critical elements here are defendant's intent to deprive and the location where his control over Hyskell's merchandise was no longer authorized. Even with the evidence considered in the light most favorable to the prosecution, all inferences point to defendant exercising authorized control in Colorado, and not formulating any wrongful intent until he was out of this state. *Cf. People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977); *People v. American Health Care, Inc.,* 42 Colo.App. 209, 591 P.2d 1343 (1979); *People v. Martinez,* 37 Colo.App. 71, 543 P.2d 1290 (1975). Under these circumstances, jurisdiction for prosecution of the theft charge was not established, and defendant's motion for judgment of acquittal should have been granted. *See Davis v. People, supra.*

Because of our disposition of this case, we need not address the other contention of error brought by defendant.

The judgment of conviction is reversed and the cause is remanded with directions to dismiss the charges.

SMITH and TURSI, JJ., concur.