No. 87-309

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

HUGH THURMAN WHITE,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William Boggs, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Patricia J. Schaeffer, Asst. Atty. General, Helena
Robert Deschamps, III, County Attorney; Betty T. Wing,
Deputy, Missoula, Montana

Submitted on Briefs: Oct. 22, 1987

Decided: February 16, 1988

Filed: FEB 1 6 1988

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. White pled guilty in the District Court for the Fourth Judicial District, Missoula County, to a charge of felony theft. In this appeal, he challenges the jurisdiction of the State of Montana. We affirm.

The issue is whether the District Court had jurisdiction over the offense.

Mr. White worked for Mr. Rang, a Montana businessman, as a long distance truck driver. The parties stipulated to the following facts with respect to the issue of jurisdiction:

> That when Mr. White took possession of Mr. Rang's truck and left the state of Montana, he did so with authorization to do so--namely, he was employed by Mr. Rang, and he was supposed to drive his truck; that the way he left the state of Montana with the truck, that he had at that time no criminal intent; that subsequent to Mr. White's leaving Montana in early 1984 with the truck, that he was never again in Montana with the truck; that at some point in the late spring of 1984, by long distance telephone, Mr. Rang communicated to Mr. White his lack of authority to continue driving the truck; and that Mr. White thereafter used, concealed, or abandoned the truck in such a manner as to deprive the owner of the property; and that he did this at least in the states of Kentucky and Texas and possibly other states.

Mr. White was arrested on this charge in Kentucky in April 1985. He originally pled innocent, and moved to dismiss on the basis that the Montana court had no jurisdiction. His motion was denied. After one day of trial, Mr. White changed his plea to guilty. After he was sentenced, he filed a motion to reconsider the adverse ruling on jurisdiction. That motion was also denied.

2

Did the District Court have jurisdiction over the offense?

Section 46-2-101, MCA, sets forth the scope of Montana courts' jurisdiction:

> A person is subject to prosecution in this state for an offense which he commits while either within or outside the state by his own conduct or that of another for which he is legally accountable if:
> (a) the offense is committed either wholly or partly within the state;
> (b) the conduct outside the state constitutes an attempt to commit an offense within the state and an act in furtherance of the offense occurs in the state; or
> (c) the conduct within the state constitutes an attempt, solicitation, or conspiracy to commit in another jurisdiction an offense under the laws of this state and such other jurisdiction.
> (2) An offense is committed partly within this state if either the conduct which is an element of the offense or the result which is an element occurs within the state. In homicide, the "result" is either the physical contact which causes death or the death itself, and if the body of a homicide victim is found within the state, the death is presumed to have occurred within the state.
> (3) An offense which is based on an omission to perform a duty imposed by the law of this state is committed within the state, regardless of the location of the offender at the time of the omission.
> (4) This state includes the land and water and the air space above such land and water with respect to which the state has legislative jurisdiction.

This statute extends Montana's jurisdiction to crimes which would not in the past have been within the State's jurisdiction. For example, § 46-2-101(2), MCA, allows Montana to prosecute a homicide if a body is found within Montana, regardless of where the homicide occurred. We must keep this

3

broad assertion of jurisdiction in mind as we analyze the present case.

Section 45-6-301, MCA, defines the crime of theft. Subsection (1) provides:

> A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
> (a) has the purpose of depriving the owner of the property;
> (b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or
> (c) uses, conceals, or abandons the property knowing such use, concealment, or abandonment probably will deprive the owner of the property.

The charge against Mr. White in the information was phrased in the language of § 45-6-301(1)(b), MCA.

Mr. White argues that the State of Montana does not have jurisdiction to charge him with theft because none of the elements of the crime occurred in the state. He cites Illinois cases in support of his position.

Although the source of Montana's theft statute is the Illinois theft statute, Ill.Rev.Stat. ch. 38 § 16-1, Montana's statute has been modified significantly from the Illinois statute. The Illinois statute does not contain a subsection like § 45-6-301(1)(b), MCA. In the absence of the statutory provision under which Mr. White was charged, Illinois' interpretation of its statute is not relevent.

Mr. White also points out that the Commission Comments to § 45-6-301(1), MCA, state "only two elements must be proved under this subsection, a knowing exertion of control and a purpose to deprive . . .." We conclude that while this statement may be true for parts (a) and (c) of subsection (1), the language of part (b) requires that the owner must be deprived of his property before a charge of theft

4

will stand. Mr. Rang's truck was delivered to Mr. White in Montana with the understanding that it was to be returned to Mr. Rang in Montana. We conclude that the failure to return the truck resulted in Mr. Rang being deprived of his property in Montana. Under § 46-2-101(2), MCA, Montana has jurisdiction over an offense if the result which is an element of the offense occurred in Montana. We hold that the Montana court had jurisdiction over the charge of theft against Mr. White.

Affirmed.

_____
Justice

We Concur:

_____
J.A. Turnage
Chief Justice

_____
John Conway Harrison

_____
R.C. Gulbrandson

_____

_____

_____
Justices

5

Mr. Justice William E. Hunt, Sr., dissenting:

I find it difficult to follow the reasoning of the majority opinion in holding that the language contained in the Montana theft statute gives Montana jurisdiction over White's actions. Section 45-6-301(b), MCA, requires that a person "purposely or knowingly obtains or exerts unauthorized control over property" and ". . . uses, conceals, or abandons the property in such a manner as to deprive the owner of the property."

The stipulated facts, as quoted by the majority, state that White had no intent to deprive Rang of his property at any time while in the State of Montana. This agreement as to the facts removes White from the long arm jurisdiction statute upon which the State and the majority rely. Section 46-2-101(1)(a), MCA, states:

> A person is subject to prosecution in this state for an offense which he commits while either within or outside the state by his own conduct . . . if:
>
> (a) the offense is committed either wholly or partly within the state; . . .

There is no evidence to contradict the finding of fact that White never used, concealed nor abandoned the truck in such a manner as to deprive Rang of his property while in Montana.

The State asserts, and the majority agrees that the result of Rang being deprived while in Montana is an element of theft, § 45-6-301(1)(b), MCA, and therefore brings him under § 46-2-101(2), MCA:

> A offense is committed partly within this state if either the conduct or the result which is an element occurs within the state.

- 6 -

The majority opinion states that "[t]he Illinois statute does not contain a subsection like § 45-6-301(1)(b), MCA. Illinois' interpretation of her statute does not bind us· in this case."

Section 45-6-301(1)(b) states:

A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over property of the owner and;

. . .

(b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property.

Section 16-1 of the Illinois criminal statute states:

Theft. A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; or

(b) Obtains by deception control over property of the owner; or

(c) Obtains by threat control over property of the owner; or

(d) Obtains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(1) Intends to deprive the owner permanently of the use or benefit of the property; or

(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

Section 16-1 does not have the same format as §45-6-301, but as I read it, the critical language is virtually identical.

Regardless of whether the theft statutes of Illinois and Montana merit comparable interpretation, the long-arm jurisdiction statutes from the two states are identical. When considering the construction of a statute which is adopted from another jurisdiction, this Court is not bound by the construction or interpretation placed upon it by the other jurisdiction. Edgar v. Hunt (Mont. 1985), 706 P.2d 120, 122; Lawrence v. Harvey (Mont. 1980), 607 P.2d 551, 556. This Court will, however, carefully consider the construction of that statute placed on it by the highest court in the state from which it was adopted. State v. Murphey (1977), 174 Mont. 307, 311, 570 P.2d 1103, 1105.

The Illinois case most relevant to the case at bar with respect to the issue of jurisdiction is People v. Holt (Ill. 1982), 440 N.E.2d 102. In Holt, the defendant kidnapped a woman in Illinois, drove her to Wisconsin where she was raped and murdered. Citing Section 1-5 of the Illinois criminal code, which is identical to Montana's criminal jurisdiction statute, the Illinois court stated that:

> Not every element of an offense supports jurisdiction. Some elements, while essential in the sense of necessary, are not the essence of the crime . . ..
>
> Section 1-5 does not declare that any element of the offense will support jurisdiction. The language is "the conduct which is an element of the offense, or the result which is such an element . . ." The "element" phrases do not expand jurisdiction but limit it. The proper meaning is that "the conduct" is enough only if it is an element of the offense; similarly, if the offense is defined solely in terms of conduct without regard to any result, there is no jurisdiction based on where the conduct causes harm.

- 8 -

440 N.E.2d at 105.

Montana does not have jurisdiction to prosecute White unless we find that the result of deprivation is an element of the crime of theft.

An Illinois case which discusses the Illinois theft statute is People v. Nunn (Ill. App. 1965), 212 N.E.2d 342:

> A person who "knowingly obtains or exerts unauthorized control over property of the owner" is the statutory description of a thief, <u>provided only that his act is accompanied by the requisite mental state.</u> (Emphasis added.)

212 N.E.2d at 344.

Whether interpretating Illinois or Montana statutes, the elements constituting theft are elements of conduct and a dual mental state, not result. The defendant must purposely or knowingly act in a way which he knows will, or probably will, deprive another of their property. The result of actual deprivation to a victim is not delineated by the statute. Even if, arguendo, the result of deprivation <u>was</u> an element of theft, the deprivation in this case occurred in states other than Montana. The deprivation occurred in the states in which White exerted unauthorized control of Rang's truck while having the proper mental state of intent to deprive.

The majority's last paragraph is very troublesome to me. It says that because White picked up Rang's truck in Montana, with the understanding that it would be returned to Montana, the State of Montana therefor has jurisdiction over White's charge of theft regardless of where the theft occurred.

Nowhere in the language of Montana's theft or long arm jurisdiction statutes is there even an allusion to a delivery of goods in one jurisdiction which are later stolen in another jurisdiction. Although there was never any intent by White to deprive Rang of his property while in Montana, the

- 9 -

majority apparently interprets the statutes as saying that because he lawfully <u>received</u> the truck in Montana, but failed to return it to Montana, he can be tried in Montana for a theft which occurred totally outside of Montana's borders.

There is no case on point in Montana which deals with this situation. A search of the various state laws which dealt with similar problems reveals one case directly on point from Colorado; People v. Tinkle (Colo. App. 1985), 714 P.2d 919. Tinkle was convicted of theft in Colorado. The evidence showed that Tinkle entered into an agreement with a man from Colorado which provided that Tinkle take the man's merchandise to Texas to sell at rodeos. Tinkle was to share in the profits. After several failed attempts to sell the merchandise in Texas as planned, Tinkle resorted to selling the total inventory in Arizona, but kept all proceeds from the sale. The Colorado Court of Appeals reversed Tinkle's conviction, stating:

> The critical elements here are defendant's intent to deprive and <u>the location</u> <u>where</u> <u>his</u> <u>control</u> <u>over</u> (victims) <u>merchandise</u> <u>was</u> <u>no</u> <u>longer</u> <u>authorized</u>. Even with the evidence considered in the light most favorable to the prosecution, all inferences point to defendant exercising <u>authorized</u> <u>control</u> in Colorado, <u>and</u> <u>not</u> <u>formulating</u> <u>any</u> <u>wrongful</u> <u>intent</u> <u>until</u> <u>he</u> <u>was</u> <u>out</u> <u>of</u> <u>this</u> <u>State</u>. (Cites omitted.) Under these circumstances, jurisdiction for prosecution of the theft charge was not established, and defendant's motion for judgment of acquittal should have been granted. (Emphasis added.)

714 P.2d at 921.

I agree with the reasoning of the Colorado Court. The fact that a victim in Montana was deprived of his property is not enough to qualify as the commission of an offense "partly within" the State of Montana. Jurisdiction is proper in "the location where (White's) control over (the truck) was no

longer authorized."  Consequently, I would hold that the State of Montana does not have jurisdiction to prosecute defendant White under the present law

_____
                Justice

We concur in the foregoing dissent:

_____
                Justice

_____
                Justice