MR. JUSTICE HUNT,
dissenting:
I find it difficult to follow the reasoning of the majority opinion in holding that the language contained in the Montana theft statute gives Montana jurisdiction over White’s actions. Section 45-6-301(b), MCA, requires that a person “purposely or knowingly obtains or exerts unauthorized control over property” and . . uses, conceals, or abandons the property in such a manner as to deprive the owner of the property.”
The stipulated facts, as quoted by the majority, state that White had no intent to deprive Rang of his property at any time while in the State of Montana. This agreement as to the facts removes White from the long arm jurisdiction statute upon which the State and the majority rely. Section 46-2-101(1)(a), MCA, states:
“A person is subject to prosecution in this state for an offense which he commits while either within or outside the state by his own conduct ... if:
“(a) the offense is committed either wholly or partly within the state; . . .”
There is no evidence to contradict the finding of fact that White never used, concealed nor abandoned the truck in such a manner as to deprive Rang of his property while in Montana.
The State asserts, and the majority agrees that the result of Rang being deprived while in Montana is an element of theft, Section 45- *360 6-301(l)(b), MCA, and therefore brings him under Section 46-2-101(2), MCA:
“An offense is committed partly within this state if either the conduct or the result which is an element occurs within the state.”
The majority opinion states that “[t]he Illinois statute does not contain a subsection like Section 45-6-301(l)(b), MCA. Illinois’ interpretation of her statute does not bind us in this case.”
Section 45-6-301(1) (b) states:
“A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over property of the owner and;
“(b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property.” Section 16-1 of the Illinois criminal statute states:
“Theft. A person commits theft when he knowingly:
“(a) Obtains or exerts unauthorized control over property of the owner; or
“(b) Obtains by deception control over property of the owner; or
“(c) Obtains by threat control over property of the owner; or
“(d) Obtains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and
“(1) Intends to deprive the owner permanently of the use or benefit of the property; or
“(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or
“(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.
Section 16-1 does not have the same format as Section 45-6-301, but as I read it, the critical language is virtually identical.
Regardless of whether the theft statutes of Illinois and Montana merit comparable interpretation, the long-arm jurisdiction statutes from the two states are identical. When considering the construction of a statute which is adopted from another jurisdiction, this Court is not bound by the construction or interpretation placed upon it by the other jurisdiction. Edgar v. Hunt (Mont. 1985), [218 Mont. 30,] 706 P.2d 120, 122; Lawrence v. Harvey (Mont. 1980), 186 Mont. 314, 607 P.2d 551, 556. This Court will, however, carefully consider the *361 construction of that statute placed on it by the highest court in the state from which it was adopted. State v. Murphey (1977), 174 Mont. 307, 311, 570 P.2d 1103, 1105.
The Illinois case most relevant to the case at bar with respect to the issue of jurisdiction is People v. Holt (1982), 91 Ill.2d 480, 64 Ill. Dec. 550, 440 N.E.2d 102. In Holt, the defendant kidnaped a woman in Illinois, drove her to Wisconsin where she was raped and murdered. Citing Section 1-5 of the Illinois criminal code, which is identical to Montana’s criminal jurisdiction statute, the Illinois court stated that:
“Not every element of an offense supports jurisdiction. Some elements, while essential in the sense of necessary, are not the essence of the crime ....
“Section 1-5 does not declare that any element of the offense will support jurisdiction. The language is ‘the conduct which is an element of the offense, or the result which is such an element . . . .’ The ‘element’ phrases do not expand jurisdiction but limit it. The proper meaning is that ‘the conduct’ is enough only if it is an element of the offense; similarly, if the offense is defined solely in terms of conduct without regard to any result, there is no jurisdiction based on where the conduct causes harm.”
64 Ill.Dec. at 553, 440 N.E.2d at 105.
Montana does not have jurisdiction to prosecute White unless we find that the result of deprivation is an element of the crime of theft.
An Illinois case which discusses the Illinois theft statute is People v. Nunn (1965) 63 Ill.App.2d 465, 212 N.E.2d 342:
“A person who ‘knowingly obtains or exerts unauthorized control over property of the owner’ is the statutory description of a thief, provided only that his act is accompanied by the requisite mental state.” (Emphasis added.)
212 N.E.2d at 344.
Whether interpreting Illinois or Montana statutes, the elements constituting theft are elements of conduct and a dual mental state, not result. The defendant must purposely or knowingly act in a way which he knows will, or probably will, deprive another of their property. The result of actual deprivation to a victim is not delineated by the statute. Even if, arguendo, the result of deprivation was an element of theft, the deprivation in this case occurred in states other than Montana. The deprivation occurred in the states in which *362 White exerted unauthorized control of Rang’s truck while having the proper mental state of intent to deprive.
The majority’s last paragraph is very troublesome to me. It says that because White picked up Rang’s truck in Montana, with the understanding that it would be returned to Montana, the State of Montana therefor has jurisdiction over White’s charge of theft regardless of where the theft occurred.
Nowhere in the language of Montana’s theft or long arm jurisdiction statutes is there even an allusion to a delivery of goods in one jurisdiction which are later stolen in another jurisdiction. Although there was never any intent by White to deprive Rang of his property while in Montana, the majority apparently interprets the statutes as saying that because he lawfully received the truck in Montana, but failed to return it to Montana, he can be tried in Montana for a theft which occurred totally outside of Montana’s borders.
There is no case on point in Montana which deals with this situation. A search of the various state laws which dealt with similar problems reveals one case directly on point from Colorado; People v. Tinkle (Colo. App. 1985), 714 P.2d 919. Tinkle was convicted of theft in Colorado. The evidence showed that Tinkle entered into an agreement with a man from Colorado which provided that Tinkle take the man’s merchandise to Texas to sell at rodeos. Tinkle was to share in the profits. After several failed attempts to sell the merchandise in Texas as planned, Tinkle resorted to selling the total inventory in Arizona, but kept all proceeds from the sale. The Colorado Court of Appeals reversed Tinkle’s conviction, stating:
“The critical elements here are defendant’s intent to deprive and the location where his control over (victims) merchandise was no longer authorized. Even with the evidence considered in the light most favorable to the prosecution, all inferences point to defendant exercising authorized control in Colorado, and not formulating any wrongful intent until he was out of this State. (Cites omitted.) Under these circumstances, jurisdiction for prosecution of the theft charge was not established, and defendant’s motion for judgment of acquittal should have been granted.” (Emphasis added.)
714 P.2d at 921.
I agree with the reasoning of the Colorado Court. The fact that a victim in Montana was deprived of his property is not enough to qualify as the commission of an offense “partly within” the State of Montana. Jurisdiction is proper in “the location where (White’s) control over (the truck) was no longer authorized.” Consequently, I *363 would hold that the State of Montana does not have jurisdiction to prosecute defendant White under the present law.
MR. JUSTICES SHEEHY and McDONOUGH concur in the foregoing dissent.