936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Charles Russell GRAY, Petitioner-Appellant,
v.
Jerry SILVA, Duane L. Woodard, Attorney General,
Respondents-Appellees.
 No. 90-1341.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner Charles Russell Gray's application for a certificate of probable cause.
 
 
 2
 Petitioner sought a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, challenging his state court convictions of theft of a motor vehicle and escape from custody. He challenges the theft conviction on the ground that the Colorado courts did not have jurisdiction because the crime, if it occurred at all, was committed in California. Petitioner then argues that he could not be guilty of the escape crime because at the time of his escape, he was serving time for an invalid conviction.
 
 
 3
 The district court outlined the procedural history of petitioner's attempts to raise this issue and dismissed the action for failure to exhaust state remedies. The court ruled that the federal constitutional issues had not been raised in state court, which is a prerequisite to federal court consideration. See Picard v. Connor, 404 U.S. 270, 275-76 (1971). After examining the record, we find that the petitioner did exhaust state remedies. Petitioner collaterally attacked his convictions through separate writs of habeas corpus to the Colorado district and supreme courts. His petitions raised several constitutional issues relating to Colorado's jurisdiction to convict him of the crimes charged. Although his petition to the Colorado Supreme Court may have been procedurally defective, the Court did consider petitioner's arguments before denying the writ. Therefore, petitioner has satisfied the exhaustion requirement of 28 U.S.C. Sec. 2254(b) and Picard.
 
 
 4
 We conclude, however, that petitioner has failed to make a substantial showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. Sec. 2253. See Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). Colorado's criminal jurisdiction statute authorizes prosecution if a defendant's conduct within the state constitutes an element of the charged offense. See Colo.Rev.Stat. Sec. 18-1-201. In the instant case, petitioner's control over the vehicle in Colorado is an element of the crime of vehicle theft. Accordingly, Colorado's exercise of jurisdiction was proper, see State v. Martinez, 543 P.2d 1290, 1292 (Colo.Ct.App.1975), and denied petitioner no federal right. Furthermore, because petitioner's conviction is valid, he cannot prevail on his challenge to his escape conviction.
 
 
 5
 Petitioner's application for a certificate of probable cause is denied.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3