**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Carlton CARR, Defendant–Appellant.**

**No. 90CA1008.**

Colorado Court of Appeals, Div. III.

July 2, 1992.

As Modified on Denial of Rehearing Oct. 22, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Carlton Carr, appeals a judgment of conviction of theft and the sentence imposed following trial to the court. We reverse and remand with directions.

Defendant was charged with the theft of a backhoe and all-terrain vehicle, which defendant had removed from Colorado to Nevada in approximately December 1987. Defendant testified that he had obtained the two items of equipment pursuant to an agreement with the owner in exchange for certain mining interests. The information charged that the offense occurred on or about May or June 1988, in Colorado.

Defendant contends that the court did not have jurisdiction to hear the case. Relying on evidence that defendant removed the backhoe and the all-terrain vehicle from Colorado in December 1987, that the prosecution maintained that the theft had occurred when the owner demanded return of the equipment in early June 1988, and that the information alleged that the theft occurred "on or about May or June, 1988," defendant argues that the theft, if it occurred at all, took place in Nevada. We conclude that the prosecution failed to prove that the theft occurred in Colorado in May or June 1988.

Section 18-1-201, C.R.S. (1986 Repl.Vol. 8B), states in pertinent part:

(1) A person is subject to prosecution in this state for an offense which he commits ..., if:

(a) The conduct constitutes an offense and is committed either wholly or partly within the state....

(2) An offense is committed partly within this state if conduct occurs in this state which is an element of an offense or if the result of conduct in this state is such an element.

■ Under § 18-4-401, C.R.S. (1986 Repl.Vol. 8B), theft can occur even though initial control of the property has been authorized; the intent to deprive, or knowing use inconsistent with the owner's benefit,

may arise at a later time when control is no longer authorized. At that time the requisite elements of theft exist. *People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977).

■ Intent does not have to be proven by direct, substantive evidence, but can be inferred from the defendant's conduct and the reasonable inferences which may be drawn from the circumstances of the case. *People v. American Health Care, Inc.*, 42 Colo.App. 209, 591 P.2d 1343 (1979).

■ As in *People v. Tinkle*, 714 P.2d 919 (Colo.App.1985), upon which defendant relies, the critical elements are defendant's intent to deprive and the location at which his control over the property was no longer authorized. However, in *Tinkle*, the evidence presented at trial showed that defendant and the owner had entered into an oral agreement in Colorado according to which defendant was to take the owner's merchandise to Texas for purposes of sale.

■ Here, the extent of defendant's authorization was disputed. While the victim testified that there was never an agreement for an exchange of the equipment, he conceded that he did allow the defendant to use that equipment. Nevertheless, he denied that he ever gave permission to defendant to take the items out of state.

It is undisputed that the victim wrote to defendant in June 1988 demanding return of the equipment and that defendant did not respond to the letter or return the equipment. Other witnesses testified that defendant had made statements that the victim had given the vehicle to defendant and that he "had gotten one over on [the victim]." Thus, there was evidence to support a finding that the intent was formulated in Colorado.

However, defendant here was charged with theft "on or about May or June, 1988." While defendant may be properly charged with theft in Colorado if he wrongfully exercised control over the property in Colorado, no evidence was presented that defendant exercised control over the property in Colorado after December 1987. *See People v. Martinez*, 37 Colo.App. 71, 543 P.2d 1290 (1975).

At no time did the prosecution move to amend the date of the offense charged. In his opening statement, the prosecutor stated that in late 1987 defendant moved from Chaffee County, took the equipment with him, and relocated to Las Vegas. He further pointed out that the equipment owner wrote to defendant in Las Vegas in May or June and that defendant did not respond. The four wheeler was reclaimed in Las Vegas and the backhoe was never returned.

Also, in closing argument, the prosecutor asserted, consistent with the evidence, that the defendant was given permission initially to use the two pieces of equipment, "but it amounted to a theft when [the owner] wrote the certified letter saying, I want my equipment back, and obviously, [defendant] refused."

While the trial court found that the crime commenced on or before December 7, 1987, that the intention to commit theft was formulated on or about that time before defendant left Colorado, and that defendant had a continuing intention to commit theft when he took and removed the equipment from Colorado, the trial court made no findings that defendant engaged in criminal conduct in Colorado on or about May or June 1988. Nor does the record support such a finding. Thus, defendant's conviction must be reversed.

In view of our disposition, we do not address defendant's other contentions.

The judgment is reversed and the cause is remanded with directions to dismiss the charge.

METZGER and VAN CISE, * JJ., concur.

---

* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),