JUSTICE NELSON
specially concurs.
While I concur in the Court’s opinion and with the reasoning set forth, I would also clarify our decisions in State v. Murphy (1977), 174 Mont. 307, 570 P.2d 1103, and State v. Oppelt (1978), 176 Mont. 499, 580 P.2d 110.
As stated, in Murphy, we initially point out that in adopting Montana’s accountability statute from Illinois, we follow the rule of statutory construction of “adopt[ing] the construction placed upon [the statute] by the highest court of the state from which it is adopted.” Murphy, 570 P.2d at 1105. Having said that, we then go on to discuss and reject defendant’s claim of surprise that the state interjected the accountability theory in the trial and placed it before the jury. Citing the language of the statute, we then, however, observe:
While the record is clear that no surprise existed, this Court does not condone the method used by the state in charging the defendant. If the state planned to charge the defendant with aiding and abetting, in proper practice it should have done so from the onset. [Emphasis added.]
Murphy, 570 P.2d at 1105.
Moreover, we never reached defendant’s claim that the accountability instructions were improperly given because defense counsel’s failure to lodge proper objections at the time of settlement of instructions precluded the defendant from assigning error to the instructions on appeal. Murphy, 570 P.2d at 1105.
*70 We next addressed this issue in State v. Oppelt (1978), 176 Mont. 499, 580 P.2d 110. In that case the state raised the issue of legal accountability at trial and the court so instructed, although the theory of legal accountability was not set forth in the information. Oppelt, 580 P.2d at 112. Nearly the entirety of our opinion in Oppelt discussed the issue of admissibility of the out-of-court identification from a photographic lineup. In the final paragraph of the opinion, with no analysis whatsoever, we nevertheless, concluded:
Nor did the court err in allowing the state to introduce the theory of legal accountability at trial when that theory was not listed in the Information. This Court recently held that Montana follows the Illinois rule that “* * * an indictment need not distinguish an act performed by the accused himself and the act of another for which he is legally accountable.”
Oppelt, 580 P.2d at 114 (citing Murphy, 570 P.2d at 1105).
We did not so hold in Murphy. In that case, as pointed out above, we, in fact, criticized the state for not providing notice of the accountability theory in the charging document, and, instead, grounded our decision to affirm the conviction on the rationale that “no surprise existed” and on the failure of defense counsel to lodge proper objections to the jury instructions on accountability. Murphy, 570 P.2d at 1105.
Finally, in both Murphy and in Oppelt, we also imply or state outright that accountability is a separate offense. In Oppelt we refer to the ‘legal accountability offense,” and to legal accountability as “that crime.” Oppelt, 580 P.2d at 112. In Murphy, we refer throughout the opinion to “charg[ing]” the defendant with aiding and abetting or with accountability. Murphy, 570 P.2d at 1105. As we point out in our discussion of Issue 2 in the instant case, criminal accountability is not a separate substantive offense, but is merely a conduit or theory by which to find one person criminally liable for the acts of another. In re B.D.C. (1984), 211 Mont. 216, 220-21, 687 P.2d 655, 657. Accordingly, our statements in Murphy and in Oppelt to the effect that accountability is a separate offense are in error.
Both Murphy and Oppelt contain dicta and misstatements that are at odds with our decision in the instant case. Accordingly, those cases should be clarified.
For those reasons I specially concur.