JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s conclusion that neither constitutional nor statutory notice requirements are violated when a defendant is *71 convicted based solely on his accountability for the acts of another without first being notified that his accountability is the basis for the charges against him.
I agree with Justice Nelson’s concurring opinion that neither State v. Murphy (1977), 174 Mont. 307, 570 P.2d 1103, nor State v. Oppelt (1978), 176 Mont. 499, 580 P.2d 110, support the majority’s decision. This Court’s conclusion in Murphy was just the opposite of the majority’s conclusion in this case, and Murphy was erroneously relied on in Oppelt for a rule of law that Murphy did not establish.
However, unlike the author of the concurring opinion, I do not agree that the majority’s conclusion can logically be arrived at on other grounds.
Both the Sixth Amendment to the United States Constitution, and Article II, Section 24, of the Montana Constitution, guarantee people who are accused of crimes the right to be informed of both the nature and cause of the accusation against them. Furthermore, those rights guaranteed in the Sixth Amendment are part of the “due process of law” that is guaranteed by the Fourteenth Amendment to the United States Constitution. As stated by the United States Supreme Court in Faretta v. California (1975), 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562:
The Sixth Amendment includes a compact statement of the rights necessary to a full defense:
“In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.”
Because these rights are basic to our adversary system of criminal justice, they are part of the “due process of law” that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States. The rights to notice, confrontation, and compulsory process, when taken together, guarantee that a criminal charge may be answered in a manner now considered fundamental to the fair administration of American justice — through the calling and interrogation of favorable witnesses, the cross-examination of adverse witnesses, and the orderly introduction of evidence. In short, the Amendment constitutionalizes the right in an adversary criminal trial to make a defense as we know it. See *72 California v. Green, 399 U.S. 149, 176 [90 S.Ct. 1930, 1944, 26 L.Ed.2d 489 (1970)] (Harlan, J., concurring).
Faretta, 422 U.S. at 818 95 S.Ct at 2532-33, (emphasis added) (footnote omitted).
The Supreme Court has elaborated on the extent of information which must be included in an indictment to satisfy the Constitution’s notice requirements in Hamling v. United States (1974), 418 U.S. 87, 94 S. Ct. 2887, 41 L. Ed. 2d 590. There, the Court stated:
Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as “those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.” United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882). “Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.”
Hamling, 418 U.S. at 117, 94 S.Ct. at 2907, 41 L. Ed. 2d at 620-21 (citation omitted).
The majority and concurring opinions conclude that the defendant in this case was adequately notified of the “nature and cause” of the accusation against him by engaging in the legal fiction that being accountable for someone else’s sale of dangerous drugs is the same as if defendant had sold dangerous drugs himself. This conclusion is based on a semantic construct which has little to do with reality and ignores the purpose for which we have a notice requirement.
The purpose of a notice requirement is to inform someone accused of a crime of the nature of his or her conduct which forms the basis of the State’s accusation. The nature of conduct which must necessarily be proven to convict a person of the sale of dangerous drugs is significantly different than that conduct which is sufficient to show that a defendant assisted someone else with the sale of dangerous drugs. In this case, Count II of the State’s information pursuant to *73 which defendant was convicted merely alleged that “[o]n or about September 17,1992, the above-named defendant purposely or knowingly sold a dangerous drug as defined in § 50-32-101, MCA, marijuana, to Mark Long.”
How did that accusation adequately inform defendant that the nature of his conduct for which he was actually being charged was helping someone else sell dangerous drugs to Mark Long? How did that mere allegation satisfy the requirement in Hamling that when the language of a statute is used, it must be accompanied by such a statement of the facts and circumstances as will inform the accused of the “specific” nature of his offense?
Selling drugs and helping another sell drugs are two separate and distinct activities. Those activities are made unlawful by two separate and distinct statutes. No matter how many times this Court says that guilt by accountability is not a separate offense, common sense requires the conclusion that it is a separate offense. If notice that the defendant is accused of selling dangerous drugs is sufficient to inform the accused that he is really charged with helping someone else sell dangerous drugs, then why is it even necessary to have a separate statute making aiding and abetting the commission of a crime, a crime in and of itself?
Even Montana statutory law requires more specific notice to defendant than was provided in this case. Section 46-11-401, MCA, provides in relevant part that “[t]he charge must state for each count the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.”
The majority concludes that that requirement was satisfied by notifying defendant that he was accused of violating § 45-9-101, MCA, which prohibits the sale of dangerous drugs. However, based on the proof presented in this case, the State could not have convicted defendant of violating that statute alone. Defendant’s conviction can only be sustained by reading that statute in combination with Montana’s accountability statutes found at § 45-2-301 and -302, MCA. Therefore, by the plain language of § 46-11-401, MCA, the defendant in this case was entitled to notice of the combination of statutes which form the basis of the State’s accusations against him.
Based on the facts in this case, as indicated by the State’s evidence, defendant had every right to prepare his defense based on the presumption that the State could not prove that he committed the act with which he was accused in Count II of the State’s information. There was absolutely no evidence that defendant “sold, bartered, *74 exchanged, or gave away” any dangerous drug as defined in § 50-32-101, MCA. It was not until after the conclusion of all the evidence and defendant had proceeded under that assumption that he was first notified in the form of jury instructions offered by the State that it intended to convict him based on facts and a statute which were never alleged in the information. This is exactly what is prohibited by the Ünited States Constitution, our State Constitution, and Montana’s statutory notice requirement. To hold otherwise by engaging in the fiction that selling dangerous drugs is the same thing as being accountable for someone else’s sale of dangerous drugs makes a mockery of those notice requirements.
The constitutional notice requirement of the Sixth Amendment is very plain and the majority opinion simply engages in semantics to circumvent that requirement. While that may accomplish the desired social objective in this case, it does not satisfy this Court’s primary responsibility which is to enforce the plain language of the Constitution.
For these reasons I dissent from the majority opinion.
JUSTICE GRAY and JUSTICE HUNT, join in the foregoing dissenting opinion.